IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARCUS BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC., MATCH GROUP, LLC, HINGE, INC., HUMOR RAINBOW, INC., PEOPLE MEDIA, INC., and AFFINITY APPS, LLC,<br><br>Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendants Match Group, Inc., Match Group, LLC, Hinge, Inc., Humor Rainbow, Inc., People Media, Inc., and Affinity Apps, LLC (collectively "Defendants"), hereby remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

### I. BACKGROUND

1. On October 21, 2022, Plaintiff Marcus Baker, individually and on behalf of all others similarly situated, filed in the Circuit Court of Cook County a three-count class action complaint, captioned *Marcus Baker v. Match Group, Inc., et al.*, No. 2022CH10435, asserting claims for (1) violation of the Illinois Biometric Privacy Act ("BIPA"), Section 15(a), 740 ILCS 14/15(a) (Count I); (2) violation of BIPA Section 15(b), 740 ILCS 14/15(b) (Count II); and (3) breach of the duty of good faith and fair dealing (Count III). A true and accurate copy of the state-

court complaint, along with all other process, pleadings, and orders with which Defendants have been served, is attached hereto as Exhibit A.

2. Plaintiff alleges that that he is a user of Defendants' online dating sites OkCupid and Tinder. (Ex. A, Compl. ¶¶ 13, 20, 203). Plaintiff claims that when he uploaded photos to these sites, Defendants collected his biometric facial identifiers without his authorization, and without informing him of their data retention policy. (*Id.* ¶¶ 204-210). Based on this alleged conduct, Plaintiff claims that Defendants violated BIPA Section 15(a), which requires entities in possession of biometric information to establish and comply with a public data retention policy, and Section 15(b), which prohibits the collection of biometric information without an individual's informed, written consent. (*See id.* ¶¶ 223-36); 740 ILCS 14/15. Plaintiff also contends that Defendants breached the covenant of good faith and fair dealing by revising their terms of use, under which Plaintiff had previously filed an arbitration demand with JAMS against Match Group. Inc., thereby depriving him and other claimants "from receiving the fruits of their original agreement to handle all disputes with JAMS." (*See* Compl. ¶¶ 237-40).

3. Plaintiff seeks to represent the following class of individuals:.

> All individuals who had their biometric information and/or biometric identifiers collected, captured, received, otherwise obtained, or disclosed by Defendants while residing in Illinois during the applicable statutory period.

(*Id.* ¶ 213).

4. For Defendants' alleged violations of Sections 15(a) and (b), Plaintiff seeks—individually and on a classwide basis—statutory damages of at least $1,000 per violation, plus attorneys' fees and costs.[1] (*Id.* ¶¶ 227, 236).

---

[1] In filing this Notice of Removal, Defendants do not waive, and expressly reserve, all rights, claims, and defenses, and do not admit any of the allegations in Plaintiff's Complaint.

## II. GROUNDS FOR REMOVAL

**A.     The Procedural Requirements for Removal Are Met.**

5.     Removal is timely because this Notice of Removal is filed within 30 days of Defendants' receipt of the Complaint, through service or otherwise. *See* 28 U.S.C. § 1446(b)(1). Defendants Match Group, Inc.; Match Group, LLC; Hinge, Inc.; Humor Rainbow, Inc.; People Media, Inc.; and Affinity Apps, LLC are the only defendants in the state-court litigation. On November 9, 2022, all Defendants, through counsel, received a copy of the Complaint and waived service. (Ex. A, Notice and Acknowledgment of Receipt of Summons and Complaint). Accordingly, because Defendants received a copy of the Complaint and waived service within 30 days of this filing, removal is timely. All Defendants join in this removal. *See id.* § 1446(b)(2)(A).

6.     Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division, is the District Court of the United States for the district and division embracing the state court action filed by Plaintiff in Cook County, Illinois. *See* 28 U.S.C. §§ 1441(a), 93(a)(1).

7.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in state court are attached hereto as Exhibit A.

8.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to all parties and will file a notice in the Circuit Court of Cook County.

9.     This putative class action is subject to this Court's jurisdiction under CAFA, 28 U.S.C. § 1332(d), because minimal diversity exists, there are more than 100 putative class members, and the amount in controversy exceeds $5 million.

**B.      Removal Is Proper Based on CAFA Jurisdiction Under § 1332(d).**

10.     This Court has original jurisdiction over this matter pursuant to CAFA, 28 U.S.C. § 1332(d). CAFA substantially expanded federal jurisdiction over diversity class actions, creating federal subject matter jurisdiction where: (1) a class has 100 or more class members; (2) there is "minimal diversity" in that "at least one class member is diverse from at least one defendant;" and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

11.     "The defendant's right to remove a particular action is determined solely from the allegations of a plaintiff's complaint." *Woiwood v. City of Chicago*, No. 10 C 06673, 2011 WL 117201, at *1 (N.D. Ill. Jan. 5, 2011), *citing Jones v. Gen. Tire & Rubber Co.,* 541 F.2d 660, 663 (7th Cir. 1976); *see also Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831, 846-47 (N.D. Cal. 2012) (explaining that "[r]emoval does not serve as an admission" of the plaintiffs' allegations that the action is suitable for class treatment, nor does it waive the terms of an arbitration agreement). Accepting the allegations of the complaint for purposes of removal, all three requirements for CAFA jurisdiction are met here.

12.     First, as to minimal diversity between the parties, whereas Plaintiff is a citizen of Illinois (*see* Compl. ¶¶ 12, 203), no Defendant is a citizen of Illinois.

13.     Corporations are citizens of both the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of those Defendants organized as corporations is as follows:

- Defendant Match Group., Inc. is a citizen of Delaware and Texas because it is a Delaware corporation with its principal place of business in Dallas, Texas, (Ex. B, Declaration of Laurie Braddock ¶ 3);

4

- Defendant Hinge, Inc. is a citizen of Delaware and Texas because it is a Delaware corporation with its principal place of business in Dallas, Texas, (*Id*. ¶ 4);

- Defendant Humor Rainbow, Inc. is a citizen of New York and Texas because it is a New York corporation with its principal place of business in Dallas, Texas, (*Id*. ¶ 5);

- Defendant People Media, Inc. is a citizen of Delaware and Texas because it is a Delaware corporation with its principal place of business in Dallas, Texas, (*Id*. ¶ 6).

14. A limited liability company is a citizen of every state in which its members are citizens. *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

15. Defendant Match Group, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas. (Ex. B, Braddock Decl. ¶ 7). Match Group, LLC's sole member is Match Group Holdings II, LLC, a Delaware limited liability company with its principal place of business in Dallas, Texas, and which itself has a sole member, Match Group Holdings I, LLC, organized and existing under the laws of the state of Delaware, with a principal place of business in Dallas, Texas. (*Id*.). The sole member of Match Group Holdings I, LLC, is Match Group, Inc., which, as explained above, is a dual citizen of Delaware and Texas. (*Id*.). Accordingly, Match Group, LLC is a citizen of the states of Delaware and Texas.

16. Defendant Affinity Apps, LLC is a Delaware limited liability company with its principal place of business in Dallas, Texas. (*Id*. ¶ 8). Affinity Apps, LLC's sole member is People Media, Inc., a Delaware corporation with its principal place of business in Dallas, Texas. (*Id*.). Accordingly, Affinity Apps, LLC is a citizen of the states of Delaware and Texas.

17. Because at least one class member is diverse from at least one defendant, the requirement of minimal diversity is met.

18. Second, CAFA's requirement that the proposed class consist of more than 100 class members is also satisfied. Plaintiff purports to bring this action on behalf of the following proposed class:

> All individuals who had their biometric information and/or biometric identifiers collected, captured, received, otherwise obtained, or disclosed by Defendants while residing in Illinois during the applicable statutory period.

(Compl. ¶ 224). Plaintiff asserts that although the exact number of class members is presently unknown, "because Match Group's Dating Sites have been downloaded by more than 82 million individuals, it is believed to amount to thousands of Illinois users." (*Id.* ¶ 216). In fact, there are more than 5,000 Tinder users in Illinois. (Ex. C, Declaration of William Cheng, ¶ 3). CAFA's requirement that the proposed class have 100 or more class members is therefore satisfied.

19. Finally, CAFA's amount in controversy is met. As to CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). The removal burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008).

20. Defendants are entitled to accept a complaint's allegations solely for the purpose of assessing the alleged amount in controversy. *See Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp. 3d 766, 769-70 (N.D. Ill. Aug. 7, 2019). Further, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy*

6

between the parties," and the removing party need not confess liability to show the controversy exceeds the jurisdictional threshold. *Roppo*, 849 F.3d at 579 (citations and quotation marks omitted).

21.     Here, Plaintiff alleges that there are "thousands" of class members in Illinois, (*see* Compl. ¶ 216) and seeks statutory damages of at least $1,000 for each violation of Sections 15(a) and 15(b) of BIPA. Accordingly, a class of only 5,000 members could seek damages of $5,000,000—meeting CAFA's jurisdictional threshold. But here, the alleged class is larger than 5,000. (Ex. C, Cheng Decl. ¶ 3). Accepting Plaintiff's allegations as true solely for purposes of determining removal under § 1332(d), the amount in controversy exceeds $5 million, and the requirements for CAFA jurisdiction are met.

WHEREFORE, Defendants Match Group, Inc., Match Group, LLC, Hinge, Inc., Humor Rainbow, Inc., People Media, Inc., and Affinity Apps, LLC hereby remove this action to this Court under this Court's CAFA jurisdiction.

Dated: December 9, 2022                          Respectfully submitted,

                                                 TAFT STETTINIUS & HOLLISTER LLP

                                                 By: */s/ Daniel R. Saeedi*

                                                 Daniel S. Saeedi (ARDC No. 6296493)
                                                 dsaeedi@taftlaw.com
                                                 Rachel L. Schaller (ARDC No. 6306921)
                                                 rschaller@taftlaw.com
                                                 TAFT STETTINIUS & HOLLISTER LLP
                                                 111 East Wacker Drive, Suite 2600
                                                 Chicago, Illinois 60601
                                                 Telephone: (312) 527-4000

                                                 *Attorneys for Defendants*

By: */s/ Stephen A. Broome*

Stephen A. Broome (*pro hac vice pending*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90405
Telephone: (213) 443-3000

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 9, 2022, a true and correct copy of the foregoing ***Notice of Removal*** was filed using this Court's CM/ECF system and sent via email to the following counsel of record:

Michael D. Smith
Law Office of Michael D. Smith, P.C.
231 South LaSalle St., Suite 2100
Chicago, IL 60604
Tel: (312) 546-6138
msmith@smithlawchicago.com

Jonathan Gardner
Melissa H. Nafash
Shannon K. Tully
Labaton Sucharow LLP
140 Broadway, 34th Fl.
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
mnafash@labaton.com
stully@labaton.com

Christian Levis
Margaret MacLean
Amanda Fiorilla
Lowey Dannenberg, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
mmaclean@lowey.com
afiorilla@lowey.com

                                               */s/ Daniel R. Saeedi*