**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MARCUS BAKER,<br><br>Plaintiff,<br><br>v.<br><br>MATCH GROUP, INC. *et al.*<br><br>Defendants. | Case No. 2022-cv-6924<br><br>Hon. Manish S. Shah<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THIS ACTION PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE DOCTRINE OF FORUM NON CONVENIENS OR ALTERNATIVELY TRANSFER TO TEXAS**

Defendants Match Group, Inc., Match Group, LLC ("MGL"), Hinge, Inc., Humor Rainbow, Inc. ("HRI"), People Media, Inc., and Affinity Apps, Inc. (collectively, "Defendants"), by their attorneys, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), public policy favoring the enforcement of alternative dispute resolution agreements, and on principles of *forum non conveniens*, move to dismiss Plaintiff Marcus Baker's Complaint because he breached his agreement to bring his claims exclusively in arbitration or small claims court. Alternatively, Defendants move for transfer to the United States District Court for the Northern District of Texas.

## INTRODUCTION

This is the latest stage in a long-running effort by Plaintiff's counsel—Labaton Sucharow LLP—to extract a settlement payment from Defendants based on demonstrably false claims. That effort began in Spring 2021, when Labaton began recruiting claimants to participate in a mass arbitration campaign by placing Facebook ads wrongly asserting that Defendants apply facial recognition technology to their users' photos in violation of the Illinois Biometric Information Privacy Act ("BIPA"). Defendants have repeatedly shown Labaton that this claim is meritless.

Undeterred, Labaton threatened to file thousands of arbitration demands in JAMS—thereby subjecting Defendants to millions of dollars in filing fees—unless Defendants agreed to a substantial settlement. Defendants refused, and in April 2022, Labaton began filing batches of arbitration demands against Tinder (operated by MGL) and OkCupid (operated by HRI), including a demand on behalf of Plaintiff Baker, insisting the onslaught would continue until Defendants paid up.

But in July 2022, JAMS determined that Baker and the other claimants must file their claims in small claims court. Consistent with JAMS' Consumer Minimum Standards, the Tinder and OkCupid arbitration agreements to which Plaintiff agreed permit either party to elect to proceed in a small claims court of competent jurisdiction.[1] Like the Complaint here, Baker's arbitration demand asserted two BIPA claims against each of Tinder and OkCupid—for maximum potential damages of $10,000 against each defendant.[2] These claims fall within the Illinois' small claims court's $10,000 jurisdictional limit, and easily fall within the Texas small claims court's $20,000 jurisdictional limit. Accordingly, Defendants elected to proceed in small claims court. Following a robust exchange of briefing and review of the parties' agreements, JAMS' National Arbitration Committee ("NAC") upheld Defendants' election, holding that only the small claims court could decide its jurisdiction:

---

[1] Small claims exceptions to arbitration agreements are common and required under JAMS' Consumer Arbitration Minimum Standards. *See* https://www.jamsadr.com/consumer-minimum-standards/ ("The arbitration agreement must be reciprocally binding on all parties such that (a) if a consumer is required to arbitrate his or her claims or all claims of a certain type, the company is so bound; and, (b) *no party shall be precluded from seeking remedies in small claims court* for disputes or claims within the scope of its jurisdiction.") (emphasis added).

[2] This assumes Plaintiff adequately alleged that Defendants intentionally or recklessly violated BIPA, which Plaintiff failed to do other than in the most conclusory manner. In reality, the claims as pleaded would entitle Plaintiff only to $1,000 per claim, $2,000 per Defendant. *See Kukovec v. Estee Lauder Companies, Inc.*, No. 22 CV 1988, 2022 WL 16744196, at *8 (N.D. Ill. Nov. 7, 2022) (dismissing claim for intentional violation of BIPA because conclusory statement that defendant acted intentionally was insufficient); *Rogers v. CSX Intermodal Terminals, Inc.*, 409 F. Supp. 3d 612 (N.D. Ill. 2019) (same).

> [Defendants] have requested to proceed in small claims court. The right to proceed in small claims court is a contractual 'exception' to a JAMS arbitration [under the Tinder and OkCupid arbitration agreements]. If these disputes may proceed in small claims court, then JAMS has no jurisdiction as a threshold matter…. Therefore, a small claims court must determine whether it has jurisdiction before JAMS may proceed. If the small claims court determines it lacks jurisdiction or if the parties' agree, claimants may refile with JAMS.

Dkt. 1-1, Compl. Ex. O at 1290-91. The NAC then ordered the arbitrations closed. *Id.*

Baker ignored JAMS' instruction to file in small claims court and filed this class action instead, breaching the agreements he purports to enforce, in blatant disregard of JAMS' decision. The Court should reject this effort to circumvent the parties' agreements and JAMS' decision, and dismiss the case.

*First*, Plaintiff *concedes* he is bound, and his claims are covered, by alternative dispute resolution agreements ("ADR Agreements") that, among other things, (1) require him to file his claims *only* in arbitration or small claims court; (2) waive his right to pursue claims in a class proceeding; and (3) provide that any claims *not* subject to arbitration or brought in small claims court be filed in Dallas County, Texas. Dkt. 1-1, Compl. Ex. D (OkCupid TOU) at 144-46; Compl. Ex. E (2021 Tinder TOU) at 166-70. This action violates every one of these provisions and should be dismissed under the FAA and the doctrine of *forum non conveniens*.

*Second*, Plaintiff's argument that Defendants "waived" their right to enforce the ADR Agreements is specious because they have only ever sought to enforce that right. Plaintiff contends that "Defendants waived their right to arbitration when Defendants requested all claims be sent to small claims court." Dkt. 1-1, Compl. ¶ 17. But waiver requires conduct "inconsistent with the arbitration clause, thus indicating an abandonment of the right to arbitration." *Bishop v. We Care Hair Dev. Corp.,* 316 Ill. App. 3d 1182, 1191 (1st Dist. 2000). And Defendants election was consistent with the arbitration clause. By electing to proceed in small claims court—per the explicit terms of ADR Agreements—Defendants were *enforcing* their rights, not waiving them. Nor is

there merit to Plaintiff's argument that Defendants' election is tantamount to waiver because the election purportedly was in bad faith, given Labaton's (erroneous) argument that the small claims court lacks jurisdiction. As JAMS correctly found, the "*small claims court* must determine whether it has jurisdiction before JAMS may proceed." Dkt. 1-1, Compl. Ex. O at 1290-91. If the small claims court finds jurisdiction, the claims will proceed there. If the small claims court finds it lacks jurisdiction, Plaintiff may pursue his claims in arbitration. The only other place where litigation may be brought is Dallas County, Texas. In any scenario, Baker is limited to the fora specified in the agreements to which he admits he is bound.

For the foregoing reasons, the Court should dismiss the Complaint. In the alternative, the Court should transfer the case to the U.S. District Court for the Northern District of Texas.

## FACTUAL BACKGROUND

### A. The Parties

Baker alleges he began using the Tinder and OkCupid internet-dating services in 2016 and 2018, respectively. Dkt. 1-1, Compl. ¶¶ 12, 203. After creating accounts and agreeing to each brand's terms of use ("TOU"), he uploaded photos of himself to create dating profiles. *Id.* ¶¶ 12, 20, 203-04; *see also* Compl. Ex. A (2018 OkCupid TOU) at 119-20; Compl. Ex. B (2016 Tinder TOU) at 122.

Tinder is owned and operated by MGL and OkCupid is owned and operated by HRI. Compl. ¶¶ 14, 16. Plaintiff does not allege he used any other Defendant's service.[3]

[3] While many of Baker's allegations are directed at "Defendants" in general, others challenge alleged practices by brands that Baker does not allege he ever used. *See, e.g.*, Compl. ¶¶ 168-69 (regarding Match.com and OurTime; *id.* ¶¶ 181-91 (regarding Hinge, BLK, and Chispa); *id.* ¶¶ 192, 201 (regarding Match.com, Hinge, Plenty of Fish).

**B. Baker Initiates Arbitration Against Tinder and OkCupid in JAMS Pursuant to the Tinder and OkCupid TOU**

On September 2, 2021, Baker, through counsel at Labaton, served a "Notice of Dispute" on Defendants alleging they collected and used biometric information in violation of BIPA. *Id.* ¶ 23. Over the next several months, Defendants spent considerable resources engaging with Labaton in good faith to demonstrate that the claims are completely unfounded. *Id.* ¶ 48. But Labaton was undeterred. On April 25, 2022, Labaton filed a batch of arbitration demands in JAMS on behalf of Tinder and OkCupid users, including one on behalf of Baker, asserting the same BIPA claims that Baker asserts here. Dkt. 1-1, Compl. Ex. H (Baker Demand) at 382-84. Baker's demand expressly invoked the Tinder and OkCupid ADR Agreements as the basis for arbitration, thereby conceding that (1) he is bound by the Agreements, and (2) they cover his claims.[4] *Id*. at 385-456; *see also* Compl. ¶ 20 ("To create an account with OkCupid and Tinder, Plaintiff[] agreed to OkCupid's and Tinder's Terms of Service [which contain the ADR Agreements].").

**C. The ADR Agreements Prohibit Class Actions and Require Individual Claims be Brought in Arbitration or Small Claims Court**

The ADR Agreements in the Tinder and OkCupid TOU (and the Updated Tinder TOU) explicitly prohibit the filing of, or participation in, class actions. Dkt 1-1, Compl. Ex. D (OkCupid TOU) at 144; Compl. Ex. E (2021 Tinder TOU) at 166-67; Compl. Ex. Q (Updated Tinder TOU) at 1344. The Agreements further require Baker to file any individual claims in arbitration, *except*

4 Baker claims that he is bound by Tinder's TOU last revised June 21, 2021. Dkt. 1-1, Compl. H (Baker Demand) at 385-456. In fact, months before Baker filed his arbitration demand, he agreed to be bound by Tinder's amended TOU, effective February 28, 2022 (the "Updated Tinder TOU"). *See* Dkt. 1-1, Compl. Ex. J (May 12, 2021 Letter from Defendants to JAMS) at 603-05, 609; *see also id.*, Compl. Ex. Q (Updated Tinder TOU) at 1328-53. The Updated Tinder TOU are the same in all respects relevant to this motion except that they specify that arbitration shall be filed in National Arbitration and Mediation ("NAM"), rather than JAMS. The Court need not resolve which version of Tinder's TOU govern, however, because both versions: (1) require Plaintiff to file his claims either in arbitration or small claims court; (2) proscribe class actions; and (3) require any claims that do not proceed in arbitration or small claims court to be filed in Dallas County, Texas. *Compare id. and* Dkt. 1-1, Compl. Ex. E (2021 Tinder TOU) at 166-70.

that either party may elect to proceed in a small claims court of competent jurisdiction:

> The one exception to the exclusivity of arbitration is that either party has the right to bring an individual claim against the other in a small claims court of competent jurisdiction, or, ***if filed in arbitration, the responding party may request that the dispute proceed in small claims court instead if the claim is within the jurisdiction of the small claims court. If the request to proceed in small claims court is made before an arbitrator has been appointed, the arbitration shall be administratively closed.***

Dkt. 1-1, Compl. Ex. E (2021 Tinder TOU) at 166; *see also* Compl. Ex. D. (OkCupid TOU) at 144. The Updated Tinder TOU contains similar language. Dkt. 1-1, Compl. Ex. Q (Updated Tinder TOU) at 1345.

### C. Defendants Elect to Litigate Baker's Claims in Small Claims Court

On May 13, 2022, Defendants notified JAMS of their decision to elect that Baker's claims proceed in small claims court and requested that JAMS administratively close the arbitrations. Dkt. 1-1, Compl. Ex. J at 605-07.[5] In response, Labaton argued that Defendants' invocation of their contractual right to proceed in small claims court was invalid because Baker's and the other claimants' claims allegedly exceeded the small claims courts' jurisdictional threshold.[6] Dkt. 1-1, Compl. Ex. K at 662-64.

On July 22, 2022, the JAMS NAC granted Defendants' request for administrative closure, closed all of the mass arbitration filing), and refunded claimants' filing fees. Dkt. 1-1, Compl. Ex. O at 1290-91. Notwithstanding his argument that the small claims court's lacked jurisdiction, NAC's order required Baker to file any further action in small claims court because the "small claims court must determine whether it has jurisdiction before JAMS may proceed." *Id.* NAC

---

[5] Defendants also informed JAMS that Baker assented to the Updated Tinder TOU, meaning he should have brought any arbitration against Tinder in NAM. *Id.* Defendants reserved all rights. *Id.*

[6] Baker argued his damages exceed the jurisdictional limits of small-claims courts in both Illinois and Texas; however, he relied on the jurisdictional limits in place in Texas prior to September 1, 2020. *See* Tex. Gov't Code § 27.031(a)(1).

allowed that "[i]f the small claims court determines it lacks jurisdictions or if the parties' agree, [Baker] may refile with JAMS." *Id.*

### D. Baker Files a Prohibited Class Action Lawsuit in Cook County Chancery Court; Defendants Remove to Federal Court

Ignoring (1) the express terms of the ADR Agreements that he relied on months earlier to initiate arbitration, and (2) JAMS' direction that he must file his claims in small claims court for a jurisdictional determination before he can proceed in arbitration,[7] on October 21, 2022, Baker filed this putative class action in the Circuit Court of Cook County, asserting the identical allegations and claims he had filed in JAMS (with the addition of a claim that Defendants breached the covenant of good faith and fair dealing[8] by releasing the Updated Tinder TOU). *See* Compl. On December 9, 2022, Defendants timely removed the action to this Court. Dkt. 1.

## **STANDARD**

The FAA reflects "an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012). The FAA's "principal purpose" is to ensure "private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quotations omitted). This principle applies equally to statutory claims like BIPA. *Noe v. Smart Mortg. Centers, Inc.*, No. 21 CV 1668, 2021 WL 4283027, at *4 (N.D. Ill. Sept. 21, 2021). Arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*, quoting 9 U.S.C.

---

[7] Illinois small claims court is a separate Illinois tribunal with its own jurisdictional boundaries prescribed by Illinois Supreme Court Rules 281-89. JAMS recognized this distinction by requiring Baker to file his claim in small claims court, and not any other Illinois state court.

[8] "Illinois law does not recognize an independent cause of action for breach of implied duty of good faith and fair dealing in a contract." *Spadoni v. United Airlines, Inc.*, 2015 IL App (1st) 150458, ¶ 59, citing *Voyles v. Sandia Mortg. Corp.*, 196 Ill.2d 288, 295 (2001) (listing cases where Illinois courts have rejected attempts to recognize an independent cause of action for breach of the implied duty of good faith and fair dealing).

§ 2. A party cannot avoid an arbitration agreement "merely by putting forward a general denial of the facts upon which the right to arbitrate rests." *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1001 (N.D. Ill. 2013). Instead, the party opposing arbitration "must identify *specific* evidence in the record demonstrating a genuine issue of material fact for trial." *Id.*

In addition to the FAA, the doctrine of *forum non conveniens* provides a "correct procedural mechanism to enforce an arbitration clause." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 701, 702 (7th Cir. 2022), quoting *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 560 & n.5 (7th Cir. 2021) (internal quotations omitted). "When ruling on a motion to dismiss for *forum non conveniens*, a court may consider matters outside the pleadings if presented in proper form by the parties." *Turner v. Costa Crociere S.P.A.*, 488 F. Supp. 3d 1240, 1246 (S.D. Fla. 2020) (internal quotations omitted), *aff'd*, 9 F.4th 1341 (11th Cir. 2021).

## ARGUMENT

The Court should dismiss the Complaint under both the FAA and the doctrine of *forum non conveniens* because Baker is bound by ADR Agreements in which he agreed to file his claims exclusively in arbitration or small claims court. The Court should also reject Baker's baseless argument that Defendants waived their rights under the ADR Agreements by exercising their right under those Agreements to proceed in small claims court. In the alternative, the Court should transfer this case to the Northern District of Texas, the only permissible federal court venue.

### I. THE COURT SHOULD DISMISS THIS CASE UNDER THE FAA AND THE DOCTRINE OF FORUM NON CONVENIENS

Under the FAA and the doctrine of *forum non conveniens*, Courts dismiss claims where, as here, the defendant shows the following: (1) there is a written agreement to arbitrate, *i.e.*, a meeting of the minds to assent to an arbitration clause; (2) the claims asserted are within the scope of the arbitration clause; and (3) the plaintiff has refused to comply with the terms of the arbitration

agreement. *See Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006) (discussing this showing under the FAA); *Rock Hemp*, 51 F.4th at 701 (illustrating this test under the doctrine of *forum non conveniens*). If all three requirements are met, the burden shifts to Baker to show the agreement is unenforceable upon grounds that existed "at law or equity for the revocation of any contract." *Wal–Mart Stores, Inc. v. Helferich Patent Licensing, LLC,* 51 F.Supp.3d 713, 717–18 (N.D. Ill. 2014). Because Baker cannot meet his burden, the Court should enforce his agreements and dismiss the case. *See Crandall v. AT&T Mobility, LLC*, No. CIV. 07-750-GPM, 2008 WL 2796752, at *6 (S.D. Ill. July 18, 2008).

### A. Baker Concedes His Claims the ADR Agreements Govern His Claims and That He Refuses to Comply with Them

Baker does not dispute the existence of a written agreement to arbitrate with Tinder and OkCupid, or that he assented to those agreements. *See* Compl. ¶ 20, (acknowledging that Baker agreed to the Tinder and OkCupid TOU and that the TOU contain ADR Agreements); Compl. Ex. H at 385-456. Indeed, Baker could not possibly dispute these facts given that he initially filed his claims against Defendants in JAMS. *See AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000) ("If a party willingly and without reservation allows an issue to be submitted to arbitration, he cannot . . . later argue that the arbitrator lacked authority to decide the matter."). Thus, the first element is satisfied.

Nor can Baker dispute that his claims are within the ADR Agreements' scope given that he asserted substantively identical BIPA claims against Defendants in JAMS *pursuant to those Agreements*. The second element is also satisfied.

Finally, there can be no genuine dispute that Baker refuses to comply with the ADR Agreements. As explained above, the Agreements require arbitration *unless* either party elects to proceed in a small claims court of competent jurisdiction. If either party makes such an election

before appointment of an arbitrator—as Defendants did before JAMS—the Agreements require JAMS to administratively close the case so that it may proceed in small claims court. The ADR Agreements' small claims exception is a permissible amendment to the JAMS Streamlined Rules and is required by JAMS' Consumer Minimum Standards, as JAMS implicitly found in enforcing the exception. *See* Ex. 1 (JAMS Streamlined Rules) at Rule 2 (permitting the parties to "agree on any procedures not specified herein or in lieu of these Rules that are consistent with the applicable law and JAMS policies" which modifications shall be confirmed in writing and "shall be enforceable as if contained in these Rules."); Ex. 2 (JAMS Consumer Minimum Standards) at p. 2 ("no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction"); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("[P]arties remain free to alter arbitration procedures to suit their tastes.").[9] By refusing to file his claims in small claims court as the ADR Agreements require in these circumstances—and as JAMS instructed him to do—Baker has refused to comply with the Agreements.

**B. Dismissal Is The Only Appropriate Remedy For Baker's Breach of the ADR Agreements**

Where, as here, the plaintiff files a court action in breach of an ADR Agreement that requires claims to be brought only in arbitration or small claims court, dismissal is the appropriate remedy under the FAA. *See Crandall*, 2008 WL 2796752 at *6; *see also Wallace v. Grubhub Holdings Inc.*, No. 18 C 4538, 2019 WL 1399986, at *6 (N.D. Ill. Mar. 28, 2019), *aff'd*, 970 F.3d 798 (7th Cir. 2020) (citing cases in which the Seventh Circuit affirmed dismissal where the entirety of the action was compelled to arbitration), citing *Johnson v. Orkin*, LLC, 556 F. App'x. 543, 544-

[9] This type of small claims exception is an accepted procedure in consumer arbitration, as demonstrated by Rule 9 of the American Arbitration Association's ("AAA") Consumer Arbitration Rules, which provides that "[a]fter a case is filed" but "before the arbitrator is formally appointed to the case" either party "can send a written notice to the opposing party and the AAA that it wants the case decided by a small claims court. After receiving this notice, the AAA will administratively close the case." *See* https://adr.org/sites/default/files/Consumer%20Rules.pdf.

45 (7th Cir. 2014) (affirming the district court's dismissal of claims that were precluded by arbitration agreement); *Baumann v. Finish Line, Inc.*, 421 F. App'x. 632, 636 (7th Cir. 2011) (same); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003) (same).

Dismissal is also the proper remedy under the doctrine of *forum non conveniens*. In *Rock Hemp*, for example, the Seventh Circuit affirmed the dismissal of a case on *forum non conveniens* grounds where the plaintiff breached an arbitration clause by filing in an improper forum. 51 F.4th at 704; *see also CNA Reinsurance Co. v. Trustmark Ins. Co.*, No. 01 C 1652, 2001 WL 648948, at *8 (N.D. Ill. June 5, 2001) (dismissing case on *forum non conveniens* grounds in light of arbitration agreement); *Quist v. Empire Funding Corp.*, No. 98 C 8402, 1999 WL 982953, at *4 (N.D. Ill. Oct. 22, 1999) (same); *LifeVantage Corp. v. Hollenback*, No. 2:21-CV-149, 2021 WL 2779280, at *2 (D. Utah July 2, 2021) (same); *Metro Fibernet, LLC v. Johnson Controls, Inc.*, No. 321CV00059RLYMPB, 2022 WL 1492514, at *1 (S.D. Ind. Apr. 22, 2022) (same), report and recommendation adopted, No. 321CV00059RLYMPB, 2022 WL 1486957 (S.D. Ind. May 11, 2022).[10]

Dismissal is particularly appropriate here for several reasons:

*First*, the Court cannot compel the case back to JAMS because Defendants properly exercised their right to elect to proceed in small claims court, and JAMS has determined that it will not process Baker's claims unless and until the small claims court determines it lacks jurisdiction.

---

[10] Prior to the Seventh Circuit's decision in *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 560 & n.5 (7th Cir. 2021), Illinois federal courts routinely dismissed cases pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. *See Williams v. Planet Fitness, Inc.*, No. 20 CV 3335, 2021 WL 1165101, at *6 (N.D. Ill. Mar. 26, 2021); *Wilcosky v. Amazon.com, Inc.*, 517 F. Supp. 3d 751, 759 (N.D. Ill. 2021). These cases demonstrate courts' willingness to dismiss cases where the plaintiff filed in an improper forum, in violation of a binding alternative dispute resolution agreement.

*Second*, Baker's claims relating to his Tinder account are subject to the Updated Tinder TOU, which contains an ADR Agreement specifying arbitration before NAM (or small claims court). Dkt. 1-1, Compl. Ex. Q at 1342-52. Baker has not filed any claims in NAM. But given he has the choice to file either in NAM or small claims court, the Court should not make the choice for him by compelling arbitration. Rather, the Court should dismiss the case so that Baker can decide for himself where to file his claims among the permissible fora.[11] *See Crandall*, 2008 WL 2796752 at *6 (dismissing case because it was not for the court to decide whether the plaintiffs would pursue their claims in arbitration or small claims court).

*Finally*, dismissal is appropriate because Baker improperly filed his claims as a class action—another breach of the ADR Agreements—and, absent dismissal, non-party claimants could incorrectly conclude they are putative class members whose claims' limitations period are tolled during the pendency of the action when, in fact, they are not. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."); *Collins v. Vill. of Palatine, Ill.*, 875 F.3d 839, 840–41 (7th Cir. 2017) ("Tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified."). Public policy also favors dismissal. *See Sanchez v. CleanNet USA, Inc.*, 78 F. Supp. 3d 747, 758 (N.D. Ill. 2015) (dismissing case where it was improperly brought as a class action and plaintiff should have arbitrated individual claims).

## II. BAKER'S WAIVER ARGUMENT IS MERITLESS

Baker's argument that Defendants "waived" their rights under the ADR Agreements by invoking the Agreements' small claims provisions allegedly in bad faith is meritless. Defendants

[11]Should Baker decide to file a claim in NAM, Defendants reserve their right to enforce any aspect of the Updated Tinder TOU, including the small claims election under its ADR Agreement.

provided JAMS ample authority establishing small claims courts' jurisdiction over Plaintiff's claims. *See* Dt. 1-1, Compl. Ex. J at 605-07; Compl. Ex. L at 948-50; Compl. Ex. N at 1280-82 (containing Defendants' arguments to JAMS as to the jurisdiction of small claims courts over Plaintiff's claims). By administratively closing Plaintiff's arbitration, JAMS found Defendants made a valid (and good faith) small claims election. Dkt. 1-1, Compl. Ex. O at 1290-91. Moreover, an allegation of bad faith does not result in waiver, which, in Illinois, is found only "when a party's conduct is inconsistent with the arbitration clause, thus indicating an abandonment of the right to arbitration." *Bishop*, 316 Ill. App. 3d at 1191 (nothing the strong presumption under Illinois law against finding waiver). Nothing about Defendants' submissions to JAMS were inconsistent with their rights under the ADR Agreements, which JAMS enforced by closing Plaintiff's demand and finding the "small claims court must determine whether it has jurisdiction before JAMS may proceed." Dkt. 1-1, Compl. Ex. O at 1291. Thus, there is no waiver, and the Court should enforce the parties' agreement and the decision of JAMS and dismiss this case.

## III. ALTERNATIVELY, THIS COURT SHOULD TRANSFER THIS CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

The ADR Agreements provide that

> [e]xcept for claims that may be properly brought in a small claims court of competent jurisdiction, all claims arising out of or relating to this Agreement, to the Service, or to your relationship with Tinder that for whatever reason are not submitted to arbitration will be litigated exclusively in the federal or state courts of Dallas County, Texas, U.S.A. You and Tinder consent to the exercise of personal jurisdiction of courts in the State of Texas and waive any claim that such courts constitute an inconvenient forum.

Dkt. 1-1, Compl. Ex. E. (2021 Tinder TOU) at 170; Compl. Ex. D (OkCupid TOU) at 145-46 (containing nearly identical provision as to OkCupid).

Given that Plaintiff indisputably agreed to litigate any claims that are not required to be filed in arbitration or small claims court exclusively in Dallas County, Texas, this case clearly

cannot proceed in Illinois outside of small claims court. Accordingly, rather than dismissing the case, this Court may transfer the case to the United States District Court for the Northern District of Texas, so that a Texas court may render a ruling on Defendants' motion to dismiss. *See, e.g.*, *Forby v. One Techs., LP*, No. 15-0757-DRH-PMF, 2016 WL 11746078, at *9 (S.D. Ill. Mar. 25, 2016) (transferring case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) based on forum-selection clause in terms of use); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839–40 (S.D.N.Y. 2012) (granting defendant's motion to transfer based on a forum selection clause in the terms of service).

## CONCLUSION

Defendants request that this Court enforce the parties' alternative-dispute resolution agreements and dismiss this action and grant any other relief that it deems appropriate.

Dated: January 13, 2023

Respectfully submitted,

DEFENDANTS

By: */s/ Daniel R. Saeedi*

Stephen A. Broome (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90405
Telephone: (213) 443-3000

Daniel S. Saeedi (ARDC No. 6296493)
dsaeedi@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
Elizabeth A. Winkowski (ARDC No. 6316704)
ewinkowski@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000