**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |
|---|---|
| **MARCUS BAKER,** individually and on behalf of all others similarly situated, | Case No. 2022-cv-6924 |
| *Plaintiff,* | Hon. Manish S. Shah |
| *v.* | Magistrate Judge Jeffrey Cole |
| **MATCH GROUP, INC.,** *et al.* |  |
| *Defendants.* |  |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO THE FEDERAL ARBITRATION ACT AND
THE DOCTRINE OF FORUM NON CONVENIENS OR ALTERNATIVELY
TRANSFER TO TEXAS**

## TABLE OF CONTENTS

**Table of Contents**

*INTRODUCTION AND FACTS* .......................................................................................................... 1

*ARGUMENT* .................................................................................................................................... 4

    I.    **DEFENDANTS WAIVED THEIR RIGHT TO ARBITRATION AND BREACHED THE ARBITRATION AGREEMENT**.................................................................................................4

    A.    **The FAA Does Not Provide a Basis for Defendants' Motion to Dismiss Independently of a Motion to Compel Arbitration.** ............................................................................................4

    B.    **Defendants Cannot Enforce an Arbitration Provision That They Waived** ........................5

    C.    **Defendants' Terms Are Not Enforceable Because Defendants Materially Breached Their Own Terms** ............................................................................................................................8

    II.    **MATCH GROUP FAILS TO MEET THE HIGH BURDEN REQUIRED BY *FORUM NON CONVENIENS*** .........................................................................................................9

*CONCLUSION* .............................................................................................................................. **19**

## TABLE OF AUTHORITIES

**Cases**

*AL & PO Corp. v. Am. Healthcare Capital, Inc.*, 14 C 1905, 2015 WL 738694 (N.D. Ill. Feb. 19, 2015) ................................................................................................................................. 17

*Allen v. Thomas KIA of Highland*, No. 21-CV-6552, 2022 WL 900211 (N.D. Ill. Mar. 28, 2022) ....................................................................................................................................... 18

*Bain v. Airoom, LLC*, 2022 WL 1699333 (Ct. App. Ill May 27, 2022)................................... 9, 18

*Benson v. Abbot*, 326 Ill.App.3d 599 (Ct. App. Ill. 2001) ........................................................... 15

*Bowles v. Angelo*, 188 S.W.2d 691 (Tex. Civ. App. 1945) ......................................................... 14

*Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887 (7th Cir. 2020).............................. 8

*Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005) ......................................................... 9, 18

*Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (1995) .............................. 6, 7

*Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, No. 02 C 4721, 2003 WL 21799259 (N.D. Ill. July 24, 2003) ................................................................................................................. 18

*Crandall v. AT & T Mobility, LLC*, No. CIV. 07-750-GPM, 2008 WL 2796752 (S.D. Ill. July 18, 2008) ......................................................................................................................................... 5

*Deb v. SIRVA, Inc.*, 832 F.3d 800 (7th Cir. 2016) ...................................................................... 10

*Dew-Becker v. Andrew Wu*, 2017 IL App (1st) 161383-U ........................................................... 15

*Dews v. Floyd*, 413 S.W. .2d 800 (Tex. Civ. App. 1967) ............................................................ 15

*Dickinson v. Heinold Secs., Inc.*, 661 F.2d 638(7th Cir. 1981) .................................................... 6

*Dugan v. State of Illinois*, 65 Ill. Ct. Cl. 161 (2012).................................................................... 13

*Ernst & Young LLP v. Baker O'neal Holdings, Inc.*, 304 F.3d 753 (7th Cir. 2002) .................... 6

*Foley v. Greer*, 333 Ill.App.3d 500 (Ct. App. Ill. 2002)............................................................. 12

*Gamboa v. Proctor & Gamble Co.*, No. 21 C 6515, 2022 WL 1639559 (N.D. Ill. May 24, 2022) ........................................................................................................................................ 17

*Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20 (1991) ........................................... 14

*Giorgianni v. Crowley*, 197 Cal. App. 4th 1462 (2011) ............................................................... 15

*Graf v. Match.com, LLC*, 2015 WL 4263957, at *6 (C.D. Cal. July 10, 2015) ............................. 1

*Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989) ................................... 17

*In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d 1125, 1133 (S.D. Ind. 2002) ....................... 16

*In re Bridgestone/Firestone, Inc.,* 420 F.3d 702 (7th Cir. 2005) ................................................. 15

*In re CenturyLink Sales Practices and Securities Litigation,* Case No., 17-MDL-2795, 2020 WL 71229889 (D. Minn. Dec. 4, 2020) ................................................................................... 4, 16

*In re HA-LO Indus., Inc.*, No. 02 B 12059, 2003 WL 21982145, at *3 (N.D. Ill. Aug. 19, 2003)18

*In re Ha-Lo Industries, Inc.*, 2003 WL 1824436 (Bankr. N.D. Ill. Mar. 14, 2003) ..................... 17

*Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351 (7th Cir. 2022) ....................................................................................................................................... 10

*Intuit Inc. v. 9,933 Individuals*, No. 20 STCV 22761, 2020 WL 7094231 (Cal. Super., Oct. 6, 2020) ......................................................................................................................................... 4

*Inventus Power, Inc. v. Shenzhen Ace Battery Co.*, *Ltd.* No. 20-CV-3375, 2021 WL 1978342 (N.D. Ill. May 18, 2021) ......................................................................................................... 11

*J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223 (Tx. 2003) ........................................................ 9

*Jellinek v. Superior Ct. of Santa Clara Cnty.*, 228 Cal. App. 3d 652 (1991) .............................. 15

*Johnson v. Orkin*, LLC, 556 Fed.Appx. 543 (2014) ....................................................................... 5

*Kamel v. Hill-Rom Co.*, *Inc.,* 108 F.3d 799 (7th Cir. 1997) ........................................................ 11

*Kim v. Tinder, Inc. et al,* 2018 WL 6694923, at *4 (C.D. Cal. July 12, 2018) .............................. 1

*Maddy v. Castle*, 58 Cal. App. 3d 716, 722–23 (1976) ................................................................ 7

*Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614 (1985) ...................... 14

*Mutnick v. Clearview AI, Inc.*, No. 20 C 0512, 2020 WL 4676667 (N.D. Ill. Aug. 12, 2020)..... 17

*Norgren, Inc. v. Ningbo Prance Long, Inc.*, No. 14-CV-03070-CBS, 2015 WL 5562183 (D. Colo. Sept. 22, 2015) ................................................................................................................ 8

*Peleg v. Neiman Marcus Group, Inc.*, 204 Cal.App.4th 1425 (Ct. App. Cal. 2012) ..................... 9

*Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19-CV-02648, 2021 WL 3187709 (N.D. Ill. July 28, 2021) ................................................................................................................................. 10

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ................................................................. 10, 11

*Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015) ......................................... 9

*Rapaport v. Soffer*, No. 2:10-cv-00935-KJD-RJJ, 2011 WL 1827147 (D. Nev. May 12, 2011) ... 9

*Reale v. Match Group LLC,* 2022 WL 4115660, at *1 (D. Conn. Sept. 9, 2022) ......................... 1

*Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998 (S.D. Ill. 2020) ................... 14

*Smale v. Wood Cnty.*, No. 12-21-00192-CV, 2022 WL 1286562 (Tex. App. Apr. 29, 2022) ..... 14

*Troia v. Tinder, Inc. et al,* 2020 WL 619855, at *5 (E.D. Mo. Feb. 10, 2020) ............................. 1

*Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798 (7th Cir. 2020) ................................................ 5

**Statutes**

740 ILCS 14/20 ............................................................................................................................ 13

9 U.S.C.A. § 2 ................................................................................................................................ 4

TEX.R. CIV. P. 500.3 .................................................................................................................... 13

**Rules**

ILCS S. Ct. Rule 281 .................................................................................................................... 12

Restatement (Second) of Contracts § 205 (1981) .......................................................................... 8

## INTRODUCTION AND FACTS

For more than a year and a half, Defendants Match Group, Inc., Match Group, LLC ("Tinder"), Hinge, Inc., Humor Rainbow, Inc. ("OkCupid"), People Media, Inc., and Affinity Apps, Inc. (collectively "Match Group" or "Defendants") have stonewalled every effort by Plaintiff Marcus Baker ("Plaintiff") to pursue his biometric privacy claims in arbitration before JAMS pursuant to the terms imposed on him by Defendants. Importantly, this is not an isolated reaction to a single individual person pursuing a claim against Defendants. For years, Match Group has bound users to and enforced a mandatory individual arbitration provision in its terms and conditions.[1] However, when faced with thousands of users prepared to individually arbitrate their cases under those terms and conditions, Defendants desperately looked for a way out of arbitration before JAMS – invoking a little-known provision of JAMS rules allowing a party to ask JAMS to administratively close a case where a small claims court has jurisdiction, even though it knew that neither small claims courts in Illinois nor Texas had jurisdiction over the claims asserted by Plaintiff and others. But that is not the only gamesmanship Defendants have engaged in here. In a glaring example of bad faith, Defendants also tried to change the rules of engagement after being on notice of thousands of claims by unilaterally pushing out updated terms and conditions which include a switch to a different arbitral forum and overly burdensome pre-suit notice provisions. Defendants' chose to walk away from arbitration before JAMS, which results in a waiver of the right to arbitration and means that this action should proceed in court pursuant to the applicable rules of civil procedure.

---

[1] *See Reale v. Match Group LLC*, 2022 WL 4115660, at *1 (D. Conn. Sept. 9, 2022) (granting Match Group's motion to compel arbitration); *Troia v. Tinder, Inc. et al*, 2020 WL 619855, at *5 (E.D. Mo. Feb. 10, 2020) (same); *Kim v. Tinder, Inc. et al*, 2018 WL 6694923, at *4 (C.D. Cal. July 12, 2018) (same); *SanFilippo v. Match Group LLC*, 2021 WL 4440337, at *3 (9th Cir. Sept. 28, 2021) (same); *Graf v. Match.com, LLC*, 2015 WL 4263957, at *6 (C.D. Cal. July 10, 2015) (same).

Specifically, between June 2021 and February 2022, Plaintiff's counsel attempted in good faith to informally resolve Plaintiff's (and thousands of others) claims. These attempts were met with baseless ad hominem attacks and threats against Plaintiff's counsel and their clients. *See* Ecf No. 1-1, Compl. ¶¶ 20--38 (outlining the procedural history of Plaintiff's claims); *see also*, Ecf No. 1-1, Compl., Ex. C (same). In February 2022, the parties actively engaged with JAMS about the filing procedures and payment of filing fees to commence Plaintiff's claim (and thousands of others). *See* Ecf No. 1-1, Compl., ¶ 26; Compl., Ex. C at 3-4 (describing the parties call with JAMS). Defendants continuously reasserted their intent to participate in arbitration before JAMS, and even requested various extensions to respond to the forthcoming demand and issuance of separate invoices. *Id.* Meanwhile, amid these discussions, Defendants were secretly revising their terms of service to switch the arbitration administrator to National Arbitration and Mediation ("NAM") (who Defendants perceive to be more friendly than JAMS) and implement extensive, burdensome, prenotice requirements and other significant changes (collectively "Revised Terms"). *Id.*; Compl., ¶¶ 27, 56-58, 60-61.[2]

Plaintiff subsequently filed his claim with JAMS, which JAMS accepted and deemed correctly filed. *Id.* ¶¶ 30-32; Compl., Ex. G (JAMS initial filing), Compl., Ex. H (submission of Plaintiff's demand), Compl., Ex. I (Plaintiff's invoice from JAMS). In response, Defendants unequivocally refused to arbitrate before JAMS; instead asking JAMS to administratively close all the filed claims and require Claimants to file their claims in small claims court (for users who had not accepted the new terms) or NAM (for users who it claimed had accepted the new terms). Ecf No. 1-1, Compl. ¶¶ 33-38; Compl., Ex J (Defendants letter to JAMS) at 2-5, Ex. A at 1. Defendants

---

[2] Defendants contend that this Court need not resolve whether the original or Revised Terms apply. Def. Br. at 5. Plaintiff agrees. However, to the extent Defendants raise the validity of the Revised Terms in their reply brief – or to the extent the Court would like further briefing on the issue – Plaintiff reserves all rights, including a request to submit a supplemental brief.

achieved a pyrrhic victory when JAMS administratively closed Plaintiff's case (and all others filed against Defendants) in light of Defendants' stated desire to proceed in small claims court. Importantly, JAMS did not analyze whether any small claims court in fact had appropriate jurisdiction or could order the relief requested. JAMS simply responded to Defendants' election of court over JAMS arbitration.

The bottom line is Defendants elected to walk away from arbitration before JAMS (albeit in bad faith by choosing a forum without appropriate jurisdiction and trying to change the rules in their favor in the middle of the game) and therefore waived their right to arbitration. Unhappy that so many individuals chose to pursue their BIPA claims in arbitration, and realizing that it had made a bad bargain, Defendants made the business decision to breach their agreement with Plaintiff rather than arbitrate his, and other Illinois' residents, claims before JAMS. Indeed, Defendants bad faith tactic itself is a breach of the original terms. As a different court aptly put it when it rejected a company's bid for a judicial determination that it had a right to elect small claims court as an alternate forum to arbitration:

> Each and every one of the putative class members filed an individual claim in arbitration. Since there were tens of thousands of aspiring class members, Intuit found itself faced with tens of thousands of arbitration demands, each of which would require the payment of arbitration fees and individual attention from counsel. Essentially, Intuit had traded a giant incoming meteor for a mountain landslide of pebbles. Since being buried under a landslide is hardly preferable to being squashed by a meteor, Intuit went looking for another way out. And they thought they had found one: the AAA arbitration rules (specifically Rule 9(a)) provide that a party can elect to take certain cases to small claims court, as long as they make that election before an arbitrator is selected. Two things make small claims court more attractive than arbitration for Intuit: (1) the filing fee in small claims court is much less than the $3,200 fee Intuit must pay for arbitration, and (2) plaintiffs in small claims court are not entitled to a lawyer.
>
> Because Intuit has shown no probability of prevailing on its claim that [. . .] the Consumers should be in small claims court . . . Intuit has shown no probability of prevailing on any of the claims before this court. In the absence of such a showing,

the court cannot issue a preliminary injunction. Therefore, Intuit's motion is DENIED.

*Intuit Inc. v. 9,933 Individuals*, No. 20 STCV 22761, 2020 WL 7094231 (Cal. Super., Oct. 6, 2020) (denying a request for a preliminary injunction to stay the arbitration proceeding and force the consumers into small claims court).

Defendants *chose* small claims court to avoid the result of their contracts with customers. They should not now be permitted to seek dismissal of Plaintiff's well-pled complaint, filed in a court that *actually* has jurisdiction over his claims. **Enough is enough.** This Court has jurisdiction, and this case should proceed as a class action.

## ARGUMENT

### I. DEFENDANTS WAIVED THEIR RIGHT TO ARBITRATION AND BREACHED THE ARBITRATION AGREEMENT

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are valid and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2. "Arbitration agreements are materially breached when their fundamental purpose is thwarted, such as by conduct that defeats the efficiency and fairness of arbitration or appears designed to prevent fair resolution of disputes on the merits." *In re CenturyLink Sales Practices and Securities Litigation*, Case No., 17-MDL-2795, 2020 WL 71229889, at *7 (D. Minn. Dec. 4, 2020)

#### A. The FAA Does Not Provide a Basis for Defendants' Motion to Dismiss Independently of a Motion to Compel Arbitration.

Though defendants frame their motion as being brought pursuant to the FAA and restate the test for finding a valid arbitration agreement, (Ecf No. 18, Def Br. at 7-8.), they are not actually seeking to compel Plaintiff to arbitrate under the FAA. *See* 9 U.S.C.A. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for

arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." In fact, Defendants assert that "the Court cannot compel the case back to JAMS." Ecf No. 18, Def Br. at 10, 11.)[3] The FAA does not provide an independent basis to dismiss an otherwise well-pled complaint in the absence of a petition and motion to compel arbitration. In fact, Defendants do not cite a single case where a court has granted a motion to dismiss pursuant to the FAA where the defendant was not also moving to compel arbitration, never mind where the case was dismissed in favor of a forum without jurisdiction. *See* Ecf No. 18, Def Br. at 8-9 *citing Crandall v. AT & T Mobility, LLC*, No. CIV. 07-750-GPM, 2008 WL 2796752, at *1 (S.D. Ill. July 18, 2008) ("Defendant moves to compel arbitration under the Federal Arbitration Act (FAA) and dismiss, rather than stay, the action."); *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 803 (7th Cir. 2020) (dismissing under Rule 12(b)(3) after granting the defendant's motion to compel arbitration and declining to grant a stay because "Dismissal under Rule 12(b)(3) is proper when an agreement requires arbitration in another district."); *Johnson v. Orkin*, LLC, 556 Fed.Appx. 543 (2014) (granting motion to dismiss after "Orkin moved to compel arbitration and dismiss").[4] This Court should not be the first.

### B. Defendants Cannot Enforce an Arbitration Provision That They Waived.

Defendants argue that dismissal is proper because (1) they did not waive arbitration by electing small claims court; and (2) Plaintiff's claims could be sent back to arbitration if the small

---

[3] Similarly, Defendants try to cloak this case in the FAA's public policy in favor of arbitration agreements by defining both the arbitration provision and small claims election as part of a single "ADR Agreement." However, a contract does not become subject to the FAA's public policy in favor of arbitration agreements simply because it includes an arbitration clause.

[4] Notably, defendant does not cite a single case where a court granted a motion to dismiss under the FAA to send a case to small claims court. In *Crandall*, the court merely observed that under the arbitration clause, which provided for administration of the claims by AAA, "the customer may take claims to small claims court if such claims qualify to be heard in that court." *Id.* at *3. As discussed *infra*, n.7, this rule does not permit defendants an unfettered right to a similar election.

claims court determines it has no jurisdiction.   Ecf No. 18, Def. Br. at 12-13.   Defendant's argument is without merit.   The Seventh Circuit recognizes that the intent behind arbitration clauses is to give either party the choice of an alternative, nonjudicial forum to seek resolution of a dispute arising out of the contract.  *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (1995).

Here, Defendants waived their right to arbitration by requesting administrative closure and electing court.   In the arbitration context, a party waives his or her right to arbitrate when either party takes action inconsistent with arbitration's purpose in the legal arena.  *See, e.g., Dickinson v. Heinold Secs., Inc.*, 661 F.2d 638, 641 (7th Cir. 1981) (reversing district court's denial of a motion to compel arbitration). "The essential question is whether, under the totality of the circumstances, the defaulting party acted 'inconsistently' with the arbitration right." *Id.* (internal citations omitted); *Ernst & Young LLP v. Baker O'neal Holdings, Inc.*, 304 F.3d 753 (7th Cir. 2002) (Courts must examine the totality of the circumstances and determine whether based on all the circumstances, "the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate.").   "A contractual right to arbitrate may be waived expressly or implicitly, and **a party that chooses a judicial forum for the resolution of a dispute is presumed to have waived its right to arbitrate**." *Cabinetree of Wis., Inc.*, 50 F.3d at 390 (emphasis added). In *Cabinetree*, the Seventh Circuit upheld the trial court's finding that the right to arbitration had been waived, reasoning in part:

> Today we take the next step in the evolution of doctrine, and hold that **an election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate.** Although not compelled by our previous cases, this presumption is consistent with them; for we have deemed an election to proceed in court a waiver of a contractual right to arbitrate, without insisting on evidence of prejudice beyond what is inherent in an effort to change forums in the middle (and it needn't be the exact middle) of a litigation.

*Id.* (emphasis added); *see also*, *Maddy v. Castle*, 58 Cal. App. 3d 716 (1976) *disapproved of by Doers v. Golden Gate Bridge*, 23 Cal. 3d 180 (1979) ("An individual, once he has chosen a forum other than arbitration to seek relief which is of a type that arbitration could grant, may not thereafter compel arbitration. The fact that [plaintiff] did not sue [defendant] in a municipal court is of no consequence. By entering small claims court with his claim which could have been satisfied by arbitration, he chose the judicial system as his forum and waived his right to compel arbitration."); *Maddy*, 58 Cal. App. 3d at 722.

Where, as here, the totality of the Defendants' conduct is inconsistent with the right to arbitrate because they elected a judicial forum after spending months delaying participation in arbitration, waiver is proper. Indeed, Defendants have tacitly conceded the point by arguing that this "Court cannot compel the case back to JAMS" because Defendants elected to proceed in a judicial forum and requested that JAMS administratively close Plaintiff's case so that Plaintiff could file in small claims court. Ecf No. 18, Def. Br. at 11; Ecf No. 1-1, Compl., Ex. J. If Defendants hoped that placing Plaintiff into procedural limbo would result in Plaintiff dropping his case, they were wrong. When Defendants made a decision to elect to have Plaintiff's claims heard outside of arbitration, they lost the FAA's presumption in favor of arbitration agreements.

Defendants' argument that its election was "consistent with the arbitration clause" because they gave themselves the option to make such an election in the terms of service completely misses the point. Def. Br. at 3. By picking small claims court, they decided not to arbitrate. The fact that they chose a court without jurisdiction does not alter the fact that they waived arbitration in favor of court. In waiving their rights to arbitration, Defendants opened the door to this proceeding in a court with jurisdiction to award the damages sought, to provide injunctive relief, to hear statutory privacy claims, and to hear the case as a class action. *See Brickstructures, Inc. v. Coaster Dynamix,*

*Inc.*, 952 F.3d 887 (7th Cir. 2020) ("A party waives its right to arbitrate when it acts inconsistent with its right to pursue arbitration by withdrawing its request for arbitration and will generally not be permitted to rescind its waiver and renew its request"); *see also*, *Norgren, Inc. v. Ningbo Prance Long, Inc.*, No. 14-CV-03070-CBS, 2015 WL 5562183, at *12 (D. Colo. Sept. 22, 2015) (finding that defendant waived its arbitration right and emphasizing that the "objectives [of arbitration] may be frustrated if an arbitration provision is exploited as a tool for gamesmanship or evasion.").

### C. Defendants' Small Claims Election Is Not Enforceable Because Defendants Materially Breached Their Own Terms.

Defendants "had a duty to perform [their] obligations in good faith." *See Restatement (Second) of Contracts* § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.").[5] Defendants breached this duty in two ways (1) pushing a forum that it knows lacks appropriate jurisdiction and trying to bait Plaintiff into filing a claim there and (2) unilaterally making major changes to their terms of service to include additional presuit requirements not found in the original terms. This had the effect of depriving Plaintiff of the benefit expected under the arbitration agreement in place at the time his claim accrued and he noticed Match Group, i.e., the ability to arbitrate claims under JAMS rules. Moreover, Defendants imply that Plaintiff beached the arbitration agreement by failing to file in small claims court or failing to file before NAM, the new arbitration provider named in the

---

[5] The case cited by Defendants in footnote 8 of their brief is inapposite as Plaintiff is not bringing an independent cause of action for breach of the implied duty of good faith and fair dealing. Plaintiff does allege, however, that Match Group did not "reasonably exercise its discretion under the circumstances and in light of the reasonable expectations of the parties." *See Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1445 (7th Cir. 1992) (collecting citations) (finding that "although the implied covenant of good faith and fair dealing does not create "an enforceable legal duty to be nice or to behave decently in a general way, [ . . . ] it does require [a party to reasonably exercise its discretion under the circumstances and in light of] the reasonable expectations of the parties."). Defendants breach of this duty renders the agreement unenforceable.

Updated Terms. However, Defendants' breach of the duty of good faith extinguishes Plaintiff's obligations under the agreement. *See Peleg v. Neiman Marcus Group, Inc*., 204 Cal.App.4th 1425, 1466 (Ct. App. Cal. 2012) (failure to comply with duty of good faith renders arbitration agreement unenforceable); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tx. 2003) (arbitration agreement that permits the right to modify its terms is illusory and unenforceable); *Bain v. Airoom, LLC*, 2022 WL 1699333 at \*10 (Ct. App. Ill May 27, 2022) (arbitration agreement unenforceable where company tried to "deny the consumer a fair hearing and level playing field" and attempted to "deprive the consumer of substantive remedies."). Further, Plaintiff is not required to file claims in disregard for state and statutory procedures, the public policy choices of the Illinois legislature as to what claims belong in small claims court, and jurisdictional limits. This would be a waste of judicial resources.

The totality of Defendants' conduct is inconsistent with the right to arbitrate and amounts to a material breach of the Terms, and as such, bars Defendants from later compelling arbitration or enforcing the contract. *See, e.g., Brown v. Dillard's, Inc*., 430 F.3d 1004 (9th Cir. 2005) ("[defendant's] breach of its obligations under the arbitration agreement deprives it of the right to enforce that agreement"); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir. 2015) (lifting stay following termination of arbitration based on party's breach of the arbitration agreement); *Rapaport v. Soffer*, No. 2:10-cv-00935-KJD-RJJ, 2011 WL 1827147, at \*2–3 (D. Nev. May 12, 2011) (denying the defendant's motion to compel arbitration and proceeding with litigation after the arbitration was terminated due to defendant's breach of the arbitration agreement).

## II.   MATCH GROUP FAILS TO MEET THE HIGH BURDEN REQUIRED BY *FORUM NON CONVENIENS*

In addition to the FAA, Defendants also ask for this case to be dismissed under the doctrine of *forum non conveniens*. The doctrine of *forum non conveniens* "is an exceptional one," *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19-CV-02648, 2021 WL 3187709, at *4 (N.D. Ill. July 28, 2021), that allows for dismissal in extremely limited circumstances "when (1) an alternative forum has jurisdiction to hear the case and (2) trial in the chosen forum would prove, disproportionate to the plaintiff's convenience, oppressive and vexatious to the defendant; or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (internal quotations and alterations omitted). A "plaintiff's choice of forum should rarely be disturbed[.]" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). The doctrine imposes a heavy burden on the party seeking an alternative forum to not only show that the alternative forum is both available and adequate, but that the private and public interests are balanced in favor of the alternate forum and dismissal. *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016); *Instituto Mexicano*, 29 F. 4th at 358. Defendants propose two alternate forums: small claims court or the Northern District of Texas. As explained below, they have failed to carry their burden regarding either alternative.[6]

### A. Defendants Attempt to Force Plaintiff to File in Small Claims Court Cannot Prevail Because Neither Illinois nor Texas Small Claims Courts Have Jurisdiction

Small claims courts do not have jurisdiction to grant Plaintiff the relief he is entitled to under Illinois' Biometric Information Privacy Act ("BIPA") because the amount in controversy

---

[6] Defendants cite *Rock Hemp Corp. v. Dunn,* 51 F.4th 693 (7th Cir. 2022) for the proposition that the doctrine of *forum non conveniens* is a proper procedural mechanism to dismiss a claim where there is an arbitration clause in the agreement. Def. Br. at 8. *Rock Hemp Corp. v. Dunn* is irrelevant here. Defendants waived the right to seek arbitration, breached the arbitration provision, and are in fact asking this Court not to compel the claims to arbitration. Defendants must show that *small claims court*, not arbitration, is an available and adequate venue. They cannot.

exceeds the jurisdictional limit, his claims are not "based on either tort or contract," and small claims courts do not have the power to award equitable relief, which Plaintiff also seeks. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (where "the remedy provided" is "so clearly inadequate or unsatisfactory that it is no remedy at all[,]" the forum cannot be held adequate.). *Inventus Power, Inc. v. Shenzhen Ace Battery Co*., *Ltd.* No. 20-CV-3375, 2021 WL 1978342, at *5 (N.D. Ill. May 18, 2021), appeal dismissed sub nom; *see also Inventus Power, Inc. v. Shenzhen Ace Battery Co*., *Ltd.* No. 21-2023, 2021 WL 5917110 (7th Cir. Aug. 4, 2021) (the unavailability of injunctive relief in the alternate forum weighed heavily against dismissal); *Kamel v. Hill-Rom Co*., *Inc.,* 108 F.3d 799, 803 (7th Cir. 1997) (for an alternative forum to be adequate, the "parties [must] not be deprived of all remedies or treated unfairly"). If the alternative forum does not have jurisdiction over the claim, the court does not need to reach the balancing of interests test. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 815 (7th Cir. 2016) (vacating and remanding where district court erred in failing to require defendant to demonstrate alternative forum would have jurisdiction).

Defendants rely on the JAMS rule that no party shall be precluded from seeking remedies in small claims court (Def. Br. at 10), but to invoke that provision the small claims court must have jurisdiction over the claims. As set forth in the operative Terms, small claims court can only be elected ***if the claims are within the jurisdiction of small claims court***. Ecf No. 1-1, Compl., Ex. D (OkCupid Terms, Compl., Ex. E (Tinder Terms). As stated by JAMS "no party shall be precluded from *seeking remedies* in small claims court for disputes or claims *within the scope of its jurisdiction*."[7] (emphasis added). Notably, this rule does not permit a responding party to elect

---

[7] While Defendants claim that "[t]his type of small claims exception is an accepted procedure in consumer arbitration," Defendants cite only the AAA rules for this proposition. Ecf 18, Def. Br. n.9. Defendants fail to mention that JAMS rules are part of "JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness" (generally known as the Due Process Protocol). They are intended to permit consumers to elect small claims court for claims within the scope

small claims court, permit a responding party to seek to administratively close a JAMS proceeding in favor of small claims court, or provide for who (individual arbitrators or JAMS staff) makes that decision in the first instance.

Critically, small claims courts do not have jurisdiction over this matter because (i) the amount in controversy exceeds $10,000, (ii) the complaint seeks equitable relief, (iii) the complaint alleges a statutory cause of action, and (iv) a class action is not permitted in small claims court. Plaintiff's claim would be filed in Cook County, Illinois because Cook County is the location where Plaintiff: (1) resides, (2) agreed to Match Group's Terms, (3) used OkCupid's and Tinder's services, (4) uploaded his photos to OkCupid's and Tinder's dating platforms, and (5) had his biometric data collected and extracted by Defendants. *See Foley v. Greer*, 333 Ill.App.3d 500, 503 (Ct. App. Ill. 2002) (finding that general venue provisions require arbitrations to be filed in county of residence or county in which "the transaction occurred from which the cause of action arose."). Cook County small claims court has a jurisdictional cap of $10,000 and has no power to issue injunctive relief. *See* ILCS S. Ct. Rule 281 (claims cannot exceed $10,000); *see also*, Exhibit 1 (Illinois small claims "Getting Started" guide) ("Types of cases the forms CANNOT be used for: … *civil cases seeking more than $10,000, and all cases asking for something other than money*") (emphasis added); Exhibit 2 (Illinois standardized form: small claims complaint) ("In 3, enter the amount of money that is owed to you. *It must be $10,000 or less*") (emphasis added); *see*

---

of its jurisdiction, not to provide companies with the means to place a consumer in procedural limbo. Far from that tactic being an "accepted procedure" in consumer arbitration, a California appellate court held that a corporate defendant could not use similar language in AAA's Due Process Protocol to force nearly 10,000 individual consumers to pursue their antitrust and consumer protection claims in small claims court because, among other reasons "using [the due process protocol] as a tiebreaker to expand the rights of businesses and employers is at odds with its fundamental function of 'benefit[ting]' and 'protect[ing]' consumers." *Intuit Inc. v. 9,933 Individuals*, No. B308417, 2021 WL 3204816, at *7 (Cal. Ct. App. July 29, 2021). The reasoning of this decision applies here as well because Defendants do not actually seek to arbitrate these claims.

*also*, *Dugan v. State of Illinois*, 65 Ill. Ct. Cl. 161, 164 (2012) (explaining that the Court of Claims cannot grant injunctive relief).

Defendants admit that the amount-in-controversy exceeds $10,000. They moved to remove this case to federal court "because minimal diversity exists, there are more than 100 putative class members, and the amount in controversy exceeds $5 million." Ecf No. 1, ¶ 9. Even if the Court were to consider only Plaintiff's individual claims, the complaint seeks injunctive relief and monetary damages in excess of $20,000 just on an individual basis. Ecf No. 1-1, Compl. at 108 (Plaintiff's prayer for relief)); Compl., Ex. H (JAMS demand form) at 7 (requesting "*at least* $20,000 in statutory damages*" for every intentional violation of Sections 15(a) and 15(b) and seeking attorneys' fees) (emphasis added); *see also*, 740 ILCS 14/20 (awarding liquidated damages for each statutory violation *and* "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses") (emphasis added). *See also*, Ecf No. 1-1, Compl., Ex. H at 7 (demanding statutory damages of "*at least* $20,000" for every BIPA violation and attorneys' fees). Accordingly, Illinois small claims courts are not an appropriate forum.

Similarly, in Texas, the state where Defendants principally reside, small claims courts only have jurisdiction over monetary claims less than $20,000. *See* TEX.R. CIV. P. 500.3 ("(a) Small Claims Case . . . ***The claim can be for no more than $20,000, excluding statutory interest and court costs but including attorney fees***, if any.") (emphasis added). However, the Dallas County small claims court instructs prospective claimants to file only claims that seek pure monetary damages less than $10,000. *See* Exhibit 3 (Dallas County small claims procedures: "***A Small Claims Court is a judicial forum to hear and decide civil cases involving claims for MONEY ONLY, for $10,000 or less***...***Remember, the petition must not ask for anything except money***."). Thus, small claims court, which is called a justice court in Texas, is an available venue if the

amount in controversy is less than the jurisdictional amount in the applicable district. *Id.* Plainly, it is not here.

Further, Texas small claims courts have no jurisdiction to issue writs of injunction. *Bowles v. Angelo*, 188 S.W.2d 691 (Tex. Civ. App. 1945) ("the justice court is not an 'appropriate' court to which to apply, as it is powerless to issue injunctions."); *see also Smale v. Wood Cnty.*, No. 12-21-00192-CV, 2022 WL 1286562, at *2 (Tex. App. Apr. 29, 2022) ("Unless expressly authorized by the Legislature, justice courts do not have jurisdiction to issue writs of injunction or mandamus.").

The amount in controversy here greatly exceeds both Illinois and Texas small claims court's jurisdictional limit. More importantly, aside from monetary relief, Plaintiff is also seeking declaratory and injunctive relief, both of which are not remedies available in either small claims court. The right to equitable relief, as requested here, is substantive. "Plaintiffs need not allege anything 'beyond violation of his or her rights under [BIPA], in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief[.]'" *Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998, 1018 (S.D. Ill. 2020). The Supreme Court has made clear that an arbitration agreement may not waive a party's substantive rights under the law. *Gilmer v. Interstate/Johnson Lane Corporation,* 500 U.S. 20, 26 (1991) (a party may not "forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum" (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 628 (1985)). Therefore, such a provision is unenforceable. Since the amount in controversy and the type of relief requested do not fall within the jurisdiction of small claims court, Defendants' argument fails.

Moreover, even if Plaintiff were to forego his request for injunctive relief (which automatically bars this case from being heard in small claims court), which he does not, by requesting Plaintiff's claim be sent to small claims court Defendants are asking this Court to force Plaintiff to waive any damages above the jurisdictional amount. *See, e.g.*, *Jellinek v. Superior Ct. of Santa Clara Cnty.*, 228 Cal. App. 3d 652, 656 (1991) ("Regardless of the size of the actual damages, a plaintiff intentionally waives excess damages over the small claims court jurisdictional limit when she chooses to file her case in the small claims court..."); *Giorgianni v. Crowley*, 197 Cal. App. 4th 1462, 1481–82 (2011) (same); *Dews v. Floyd*, 413 S.W. .2d 800, 804 (Tex. Civ. App. 1967) (holding that "judgment on its face is void" when judgment in excess of jurisdictional limit of small claims court was entered); *Benson v. Abbot*, 326 Ill.App.3d 599, 601 (Ct. App. Ill. 2001) (reducing judgment in excess of jurisdictional limit of small claims court because "court lacked the authority" to do so).

In addition, Illinois procedural rules define a small claim as "a civil action based on either tort or contract for money not in excess of $10,000." ILCS S. Ct. Rule 281. This case, which is brought under Illinois' BIPA statute, is "neither based on tort nor contract," and Illinois courts generally find that non-tort or contract actions are outside of small claims jurisdiction. *See e.g., Dew-Becker v. Andrew Wu*, 2017 IL App (1st) 161383-U, 2017 WL 716027 ¶ 11 (1st Dist. Ill. Feb 21, 2017) (non-precential) (statutory claim under the Illinois gambling statute); *see also Berg v. FCA US, LLC*, 2018 IL App (1st) 172078-U, ¶ 6, 2018 WL 1631360 ("plaintiffs raised constitutional challenges to two state laws, so the case is clearly not one merely sounding in "tort or contract").[8]

---

[8] In *Hill v. Abou-Jabal*, 2019 IL App (5th) 180213-U, ¶ 25, also a non-precedential opinion, the Fifth District Appellate Court found that a claim for economic damages under the Illinois Consumer Fraud Act

Defendant cannot corrupt the *forum non conveniens* doctrine, which is intended to "best serve[] the convenience of the parties and the ends of justice" to strip Plaintiff of statutory remedies by sending the case to an inadequate forum. *In re Bridgestone/Firestone, Inc.,* 420 F.3d 702, 703 (7th Cir. 2005). For one, small claims court is typically reserved for localized contract or tort disputes between Illinois residents and as a result involves limited motion practice and discovery. As a practical matter, because small claims courts do not permit the filing of class actions, to grant Defendants' motion would essentially channel every single individual who wished to file a BIPA claim into individual small claims court cases in dozens of courts across Illinois. It would be an unprecedented expansion of the Illinois small claims system for a federal court to hold that complex data privacy cases against an out-of-state defendant that are undisputedly suitable for class wide treatment should instead be filed in individual small claims court. Defendants' procedural gamesmanship is a textbook example of why this case, like nearly every BIPA action against a major company, should proceed as a class action.[9] Accordingly, Defendants' motion to dismiss must be denied. *See In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d 1125, 1133 (S.D. Ind. 2002) (defendants fail to meet their burden of persuasion where the alternative forum has no jurisdiction).

### B. Because Defendants Breached the Agreement, Texas is Not the Required Forum. Further, Under a *Forum Non Conveniens* Analysis, the Balance of Interests Weigh in Favor of Illinois.

Defendants' alternative request – that this matter be transferred to the Northern District of Texas – also fails for several reasons.

---

could be brought in small claims court as a "statutory tort." However, while claims under the CFA are similar to common law fraud, and the plaintiff there sought solely economic damages under the $10,000 jurisdictional limit, and did not seek equitable or injunctive relief. Here, Plaintiff's claim is for statutory privacy violations, the amount-in-controversy is over $10,000, and the complaint sought injunctive relief.

[9] The most notable exceptions being cases where a defendant has successfully moved to compel arbitration, which Defendants have not done here.

16

*First,* Defendants forfeited their right to enforce the venue provision when they breached the contract. *See* Section I, including, *inter alia, In re CenturyLink,* 17-MDL-2795, 2020 WL 71229889, at *7 ("Arbitration agreements are materially breached when their fundamental purpose is thwarted, such as by conduct that defeats the efficiency and fairness of arbitration or appears designed to prevent fair resolution of disputes on the merits.")

*Second*, even where there is a valid forum selection clause, courts consider several factors in evaluating whether to transfer an action, including the "interest of justice" and convenience of the witnesses. *Heller Fin., Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1293 (7th Cir. 1989) (explaining even when a forum selection clause is valid the district court must still consider the "interest[s] of justice" or the "convenience of . . . witnesses"); *see also In re Ha-Lo Industries, Inc*., 2003 WL 1824436 (Bankr. N.D. Ill. Mar. 14, 2003) (it is improper to dismiss an action when the "venue in this district would be proper absent the forum selection clause."). "A plaintiff's chosen forum is entitled to substantial deference, particularly where, as in this case, the chosen forum is the plaintiff's home forum." *See AL & PO Corp. v. Am. Healthcare Capital, Inc.*, 14 C 1905, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015).

Defendants have not attempted to show Texas is a more appropriate forum, nor could they. Plaintiff and all Class members reside in Illinois, they used and signed up for Defendants' services in Illinois, and their biometrics were unlawfully collected from that state. Illinois also has a vested interest in adjudicating the claims of Illinois residents, like Plaintiff, that arise in Illinois under Illinois laws like BIPA, and these claims should be heard by an Illinois judge familiar with these matters. *See Gamboa v. Proctor & Gamble Co.*, No. 21 C 6515, 2022 WL 1639559, at *4 (N.D. Ill. May 24, 2022) (finding public interest considerations with respect to BIPA weigh in favor of Illinois because "Gamboa is an Illinois citizen, whose claims are based on an Illinois statute, and

the controversy arose in Illinois, meaning that Illinois is a desirable forum with an interest in adjudicating this dispute."); *Mutnick v. Clearview AI, Inc.*, No. 20 C 0512, 2020 WL 4676667, at *4 (N.D. Ill. Aug. 12, 2020) (holding that the public interest considerations with respect to BIPA strongly weigh in favor of the Northern District of Illinois); *Computer Assocs. Int'l, Inc. v. Quest Software, Inc.*, No. 02 C 4721, 2003 WL 21799259, at *3 (N.D. Ill. July 24, 2003) (refusing to transfer venue despite a valid forum selection clause in the "interests of justice" and for the convenience of third parties) *In re HA-LO Indus., Inc.*, No. 02 B 12059, 2003 WL 21982145, at *3 (N.D. Ill. Aug. 19, 2003) (same). By contrast, Texas has little to no connection to this case, a factor that weighs heavily against transfer given the complexities of this unique statutory cause of action. *See Allen v. Thomas KIA of Highland*, No. 21-CV-6552, 2022 WL 900211, at *2 (N.D. Ill. Mar. 28, 2022) (where the claims involve state statutes, the court held the transfer to the court that sat in that state was appropriate). Further, given the likelihood that Defendants will ask the Texas court to dismiss this case in favor of small claims court in Texas (a forum that is undoubtedly improper for an Illinois resident to litigate BIPA claims), this court should not countenance further delay by giving them yet another opportunity to engage in procedural gymnastics.

*Third*, the forum selection clause is unenforceable because it does not stand on its own and, rather, is part of the same clause in which Defendants purported to provide a forum, i.e., arbitration. *See* Complaint, Ex. D at 145. When Defendants breached their agreement, they forfeited their right to enforce the forum selection clause. *See Bain v. Airoom, LLC*, 2022 WL 1699333 at *10; *Brown v. Dillard's, Inc.*, 430 F.3d at 1010.

Each of these factors weighs against granting Defendants' motion and sending this action to the Northern District of Texas.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety.

Dated: February 14, 2023                        Respectfully submitted,

                                    By: /s/ Jonathan Gardner
                                        Jonathan Gardner (admitted pro hac vice)
                                        Melissa H. Nafash (admitted pro hac vice)
                                        Shannon K. Tully (admitted pro hac vice)
                                        **LABATON SUCHAROW LLP**
                                        140 Broadway, 34th Fl.
                                        New York, NY 10005
                                        Tel: (212) 907-0700
                                        Fax: (212) 818-0477
                                        jgardner@labaton.com
                                        mnafash@labaton.com
                                        stully@labaton.com

                                        Michael D. Smith (6210109)
                                        **LAW OFFICE OF MICHAEL D. SMITH, P.C.**
                                        231 South LaSalle Street, Suite 2100
                                        Chicago, IL 60604
                                        Tel: (312) 546-6138
                                        msmith@smithlawchicago.com

                                        Christian Levis (pro hac vice to be submitted)
                                        Margaret MacLean (pro hac vice to be submitted)
                                        Amanda Fiorilla (pro hac vice to be submitted)
                                        **LOWEY DANNENBERG, P.C.**
                                        44 South Broadway, Suite 1100
                                        White Plains, NY 10601
                                        Tel: (914) 997-0500
                                        Fax: (914) 997-0035
                                        clevis@lowey.com
                                        mmaclean@lowey.com
                                        afiorilla@lowey.com