**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

MARCUS BAKER,

                     Plaintiff,

        v.

MATCH GROUP, INC. *et al.*

                  Defendants.

Case No. 2022-cv-6924

Hon. Manish S. Shah

Magistrate Judge Jeffrey Cole

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR
<u>ALTERNATIVELY TRANSFER TO TEXAS</u>**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.      DEFENDANTS' EXERCISING THEIR CONTRACTUAL RIGHTS CANNOT BREACH OR WAIVE THOSE SAME RIGHTS ............................................................ 2

        A.     Baker's Argument that Defendants Breached the ADR Agreement Is Meritless ................................................................................................................ 2

        B.     Baker's Waiver Argument Is Meritless .............................................................. 4

              1.     Bilateral small claims provisions in arbitration agreements are common and enforceable ............................................................................ 4

              2.     Accepting Baker's waiver argument would nullify Defendants' rights under the ADR Agreement in contravention of the FAA ............... 6

              3.     Baker cites no authority supporting his argument that litigants may waive arbitration rights by electing a small claims option ........................ 7

              4.     Defendants did not waive their rights under the ADR Agreement as to the entire putative class ........................................................................ 11

II.     THE COURT HAS BOTH THE POWER AND THE MANDATE UNDER THE FAA AND FORUM NON CONVENIENS TO DISMISS THE CASE .......................... 12

III.   ONLY THE SMALL CLAIMS COURT CAN DETERMINE ITS JURISDICTION TO HEAR BAKER'S CLAIM .......................................................... 15

IV.   THE ONLY PROPER JUDICIAL FORUM OTHER THAN SMALL CLAIMS COURT IS THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS ...................................................................................................................... 16

CONCLUSION ..................................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*,
  347 F.3d 665 (7th Cir. 2003) ...................................................................13

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011)........................................................................6, 12

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*
  571 U.S. 49, 63 (2013)..................................................................14, 18

*Baumann v. Finish Line, Inc.*,
  421 F. App'x. 632 (7th Cir. 2011) .........................................................13

*Bischoff v. DirecTV, Inc.*,
  180 F. Supp. 2d 1097 (C.D. Cal. 2002) ...................................................11

*Brickstructures, Inc. v. Coaster Dynamix*,
  952 F.3d 887 (7th Cir. 2020) ...................................................................8

*Brown v. Dillard's, Inc.*,
  430 F.3d 1004 (9th Cir. 2005) ..................................................................9

*Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*,
  50 F.3d 388 (7th Cir. 1995) ......................................................................8

*In re CenturyLink Sales Practices an Securities Litigation*
  17-MDL-2795, 2020 WIL 7129889 at *7 (D. Minn. Dec. 4, 2020)...........................3

*Chun Ping Turng v. Guaranteed Rate, Inc.*,
  371 F. Supp. 3d 610 (N.D. Cal. 2019) .....................................................11

*Cothron v. White Castle Sys., Inc.*,
  2023 IL 128004 (2023) ............................................................................16

*Crandall v. AT & T Mobility, LLC*,
  No. CIV. 07-750-GPM, 2008 WL 2796752 (S.D. Ill. July 18, 2008) .....................6

*Dickinson v. Heinold Sec., Inc.*
  661 F.2d 638, 641-42 (7th Cir. 1981) ......................................................8

*Doers v. Golden Gate Bridge Hwy. and Transp. Dist.*,
  23 Cal. 3d 180 (Cal. 1979).......................................................................9

*Edmundson v. Amazon.com, Inc.*,
No. 19 C 5835, 2020 WL 5819870 (N.D. Ill. Sept. 30, 2020)....................................................5

*Edwards v. Pfannenstiehl*,
No. 118CV03170RLYDLP, 2021 WL 9218884 (S.D. Ind. Oct. 20, 2021) ...........................11

*Epic Sys. Corp. v. Lewis*,
138 S.Ct. 1612 (2018)................................................................................................................7

*Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*,
304 F.3d 753 (7th Cir. 2002) ................................................................................................3, 8

*Gamboa v. Proctor & Gamble Co.*,
No. 21 C 6515, 2022 WL 1639559 (N.D. Ill. May 24, 2022) ................................................17

*Grabowski v. PlatePass, L.L.C.*,
No. 20 C 7003, 2021 WL 1962379 (N.D. Ill. May 17, 2021) ..................................................6

*Hancock v. Am. Tel. & Tel. Co.*,
804 F. Supp. 2d 1196 (W.D. Okla. 2011), *aff'd*, 701 F.3d 1248 (10th Cir.
2012) ..........................................................................................................................................6

*Intuit Inc. v. 9,933 Individuals*,
2020 WL 7094231 (Cal. Super. Oct. 6, 2020) ....................................................................9, 10

*J.B. v. Woodard*,
No. 20-1212, 2021 WL 1903214 (7th Cir. May 12, 2021), *reh'g denied* (May
27, 2021) ..................................................................................................................................15

*Johnson v. Orkin*,
LLC, 556 F. App'x. 543 (7th Cir. 2014)................................................................................13

*Jolly v. Intuit, Inc.*,
485 F. Supp. 3d 1191 (N.D. Cal. 2020) ........................................................................ *passim*

*Jorja Trading, Inc. v. Willis*,
598 S.W.3d 1 (Ark. 2020)..........................................................................................................5

*Kelley v. MailFinance Inc.*,
436 F. Supp. 3d 1136 (N.D. Ill. 2020) ...................................................................................18

*Lewis v. Advance Am., Cash Advance Centers of Ill., Inc.*,
No. 13-CV-942-JPG-SCW, 2014 WL 47125 (S.D. Ill. Jan. 6, 2014)......................................5

*Lomax v. Weinstock, Friedman & Friedman, P.A,*
No. CIV. CCB-13-1442, 2014 WL 176779 (D. Md. Jan. 15, 2014), *aff'd sub
nom. Lomax v. Weinstock, Friedman & Friedman, P.A.*, 583 F. App'x 100
(4th Cir. 2014)........................................................................................................................13

*Maddy v. Castle*,
  58 Cal. App. 3d 716 (Cal. Ct. App. 1976) .............................................................8

*Meinders v. United Healthcare Servs.*
  7 F.4th 555 (7th Cir. 2021) .............................................................14

*Molon Motors & Coil Corp. v. Mishcon de Reya, LLP*,
  No. 20 C 4475, 2020 WL 5702163 (N.D. Ill. Sept. 24, 2020)...............................14

*Mutnick v. Clearview AI, Inc.*,
  No. 20 C 0512, 2020 WL 4676667 (N.D. Ill. Aug. 12, 2020)...............................17

*Nicosia v. Amazon.com, Inc.*,
  834 F.3d 220 (2d Cir. 2016).............................................................13

*Norgren, Inc. v. Ningbo Prance Long, Inc.*,
  No. 14-CV-03070-CBS, 2015 WL 5562183 (D. Colo. Sept. 22, 2015)...................9

*Pre-Paid Legal Servs., Inc. v. Cahill*,
  786 F.3d 1287 (10th Cir. 2015) .............................................................9

*Rapaport v. Soffer*,
  No. 2:10-CV-00935-KJD, 2011 WL 1827147 (D. Nev. May 12, 2011)...................9

*Ras v. Allan Anthony Elec. Corp.*,
  55 Ill. App. 2d 176 (1st Dist. 1965) .............................................................16

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010).............................................................17

*Rock Hemp Corp. v. Dunn*
  51 F.4th 693, 701 (7th Cir. 2022) .............................................................14

*Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.*,
  553 F. Supp. 3d 452 (N.D. Ill. 2021) .............................................................6

*Skillern v. Peloton Interactive, Inc.*,
  No. 21 CIV. 6808 (ER), 2022 WL 3718279 (S.D.N.Y. Aug. 29, 2022) .................11

*Stevenson v. Tyco Int'l (US) Inc. Supplemental Exec. Ret. Plan*,
  No. 04-CV-4037 (KMK), 2006 WL 2827635 (S.D.N.Y. Sept. 29, 2006) ...............11

*Taylor v. Samsung Elecs. Am., Inc.*,
  No. 19 C 4526, 2020 WL 1248655 (N.D. Ill. Mar. 16, 2020).................................6

*Thakkar v. ProctorU Inc.*,
  571 F. Supp. 3d 927 (C.D. Ill. 2021) .............................................................14, 18

*Troia v. Tinder, Inc.*,
    2020 WL 619855 (E.D. Mo. Feb. 10, 2020), *appeal dismissed*, No. 20-1347,
    2020 WL 4812655 (8th Cir. Apr. 1, 2020) ................................................................................13

*Trudeau v. Google LLC*,
    349 F. Supp. 3d 869 (N.D. Cal. 2018), aff'd, 816 F. App'x 68 (9th Cir. 2020) ........................3

*Wallace v. Grubhub Holdings Inc.*,
    No. 18 C 4538, 2019 WL 1399986 (N.D. Ill. Mar. 28, 2019), *aff'd*, 970 F.3d
    798 (7th Cir. 2020) ....................................................................................................................13

*Williams v. Planet Fitness, Inc.*,
    No. 20 CV 3335, 2021 WL 1165101 (N.D. Ill. Mar. 26, 2021) ................................................6

*XADO Tech, LLC v. US Envirotech, Inc.*,
    No. 13 C 6901, 2014 WL 3882667 (N.D. Ill. Aug. 5, 2014) ...................................................18

**Other Authorities**

Illinois Supreme Court Rules 281-287 ...........................................................................................16

## <u>INTRODUCTION</u>

This Court need answer a single question to resolve Defendants' Motion: Did Defendants' exercise of their contractual right under the parties' ADR Agreement to elect small claims court— an action administratively approved by JAMS—materially breach the ADR Agreement or somehow waive all of Defendants' other rights under that same Agreement? The answer under the case law and the ADR Agreement is no.

Plaintiff Marcus Baker contends that by exercising their right to litigate his individual case in small claims court, Defendants waived not only: (1) the ability to proceed in *that same* small claims venue, but also (2) the right to litigate the case on an individual, non-class basis, (3) the right to litigate in Texas to the extent the case may be brought outside of arbitration or small claims court, and (4) the right to return to JAMS arbitration if the small claim court lacks jurisdiction— as JAMS expressly directed. However, Baker provides no case law supporting this draconian position that reads out the language of his agreement with Defendants. To the contrary, the case law supports dismissing this case so it can proceed to small claims court, as JAMS ordered when it closed Baker's arbitration. Because Defendants did not waive any rights under the ADR Agreement, Baker's claims cannot proceed in this Court or in the Chancery Court, or on a class basis.

By filing a class action complaint in Chancery Court—rather than an individual claim in small claims court as JAMS ordered—Baker attempts to forum shop, rather than obtain redress for alleged wrongs. While he argues in the Response that small claims courts lack jurisdiction and Defendants' revisions identifying NAM as the chosen arbitral forum are unenforceable, he does not seek declaratory or injunctive relief regarding these issues. Nor could he do so here because the ADR Agreement provides that these questions may be resolved only in arbitration or small

claims court. Instead, he suggests that this Court lacks a procedural mechanism to dismiss this case. This is simply incorrect. Defendants cited numerous cases making clear that dismissal under the FAA and/or the doctrine of *forum non conveniens* is proper in this situation. Baker does not even address most of these cases, and his efforts to distinguish others fall flat.

Finally, Baker's argument that the case may proceed in Illinois despite the ADR Agreement's Texas forum-selection clause (for disputes that may be brought outside of arbitration and small claims court) rests on his meritless "waiver" argument and a multi-factor analysis that the Supreme Court has made clear does not apply where, as here, there is a valid forum-selection clause. The Court should grant the Motion and dismiss Baker's claims, or, alternatively, transfer them to the District Court for the Northern District of Texas.

## **ARGUMENT**

## I. **DEFENDANTS' *EXERCISING* THEIR CONTRACTUAL RIGHTS CANNOT BREACH OR WAIVE THOSE SAME RIGHTS**

### A. **Baker's Argument that Defendants Breached the ADR Agreement Is Meritless**

Baker argues that Defendants breached the ADR Agreement by electing to litigate his individual claim in small claims court—an election the parties' ADR Agreement expressly allows. *See, e.g.*, Resp. pp. 3-4, 8-10, 16-18.[1] The ADR Agreement gives *both* parties the contractual right to elect to proceed in small claims court:

---

[1] Baker's argument that Defendants "breached" the ADR Agreement by amending it to change the arbitral forum to NAM is a red herring. Defendants' Motion should be granted regardless of whether the ADR Agreement specifies NAM or JAMS as the arbitral forum. Indeed, JAMS made its decision solely upon the arbitration agreement submitted by Baker, which named JAMS. In any event, Baker incorrectly argues that Defendants' amendment somehow breached the ADR Agreement or the duty of good faith and fair dealing. The amendment was mutual. Baker was expressly notified of the revisions to the TOU (which included a right to opt out of retroactive application of the revised ADR Agreement), expressly agreed to Tinder's modified TOU, and declined to opt out of retroactive application of the revised ADR Agreement. *See* Motion to Dismiss, p. 5 (discussing modified terms to which Baker agreed). These steps establish there was ***no unilateral*** amendment to the contract that might render its provisions illusory or warrant the

> The one exception to the exclusivity of arbitration is that either party has the right to bring an individual claim against the other in a small claims court of competent jurisdiction, or, ***if filed in arbitration, the responding party may request that the dispute proceed in small claims court instead if the claim is within the jurisdiction of the small claims court. If the request to proceed in small claims court is made before an arbitrator has been appointed, the arbitration shall be administratively closed.***

*See* Motion to Dismiss, Dkt. 18, pp. 5-6; Dkt. 1-1, Compl. Ex. E (2021 Tinder TOU) p. 166; Compl. Ex. D (OKCupid TOU) p. 144; Compl. Ex. Q (updated Tinder TOU) p. 1345. Defendants invoked this contractual right and JAMS—recognizing that "[t]he right to proceed in small claims court is a contractual 'exception' to a JAMS arbitration," Dkt. 1-1, Compl. Ex. O pp. 1290-91—respected Defendants' election, closed the arbitration, and directed Baker to file his claim in small claims court so that court can "determine whether it has jurisdiction before JAMS may proceed." *Id.*

Baker does not cite any authority to impugn the unassailable principle that a party does not breach an agreement by following its terms.[2] *See, e.g., Nigrelli v. Cath. Bishop of Chicago*, 68 F.3d 477 (7th Cir. 1995) (finding no breach of the parties' agreement where the defendant fully complied with its terms.) Here, the undisputed events plainly do not raise a plausible inference that *Defendants* breached the ADR Agreement. JAMS determined Defendants acted properly under the ADR Agreement and deferred to the small claims court the question of its jurisdiction. On the

---

application of the covenant of good faith and fair dealing. *See Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 881 (N.D. Cal. 2018), *aff'd*, 816 F. App'x 68 (9th Cir. 2020). Thus, each case on which Baker relies to argue he is relieved of all obligations under the ADR Agreement is inapplicable. *See* Resp. p. 9.

[2] Baker cites *In re CenturyLink Sales Practices and Securities Litigation*, where the court granted the intervening plaintiffs' motion to compel arbitration, rejecting the defendants' argument that the intervening plaintiffs materially breached the arbitration agreement when they previously filed 1,000 individual arbitration demands. 17-MDL-2795, 2020 WL 7129889 at *7 (D. Minn. Dec. 4, 2020). The parties' arbitration agreement provided that both parties "waive any right to pursue any claims on a class or consolidated basis or in a representative capacity." *Id.* Construing this language, the court found that intervening plaintiffs' mass individual arbitration filings did not run afoul of the parties' agreement, so there was no material breach of that agreement. *Id.* Rather than demonstrating Defendants materially breached the ADR Agreement, *In re CenturyLink* actually shows a party does not breach an arbitration agreement by complying with its terms.

other hand, *Baker* breached the Agreement by filing this claim as a putative class action in a prohibited forum. The ADR Agreement provides, "[w]hether you choose arbitration or small-claims court, you may not under any circumstances commence or maintain against the Company any class action, class arbitration, or other representative action or proceeding." *See* Compl. Ex. E (2021 Tinder TOU) p. 166; Compl. Ex. D (OKCupid TOU) p. 144; Compl. Ex. Q (updated Tinder TOU) p. 1345.

After initially filing an individual arbitration demand with JAMS, Baker now seeks to ignore JAMS' decision that before JAMS may proceed, he must file his claim in small claims court. Dkt. 1-1, Compl. Ex. O pp. 1290-91. Baker cannot just forum shop until he gets a decision he likes. Baker's filing of a prohibited class action in a prohibited forum, in contravention of JAMS' decision and the terms of the ADR Agreement, belies his argument that Defendants, not he, are the breaching parties.

**B. Baker's Waiver Argument Is Meritless**

Baker's argument that Defendants' small claims election "waived" their rights under the ADR Agreement is also meritless and unsupported by his cited authority.

          1.    <u>Bilateral small claims provisions in arbitration agreements are common and enforceable</u>

Baker incorrectly claims that Defendants elected small claims court under "a little-known provision of JAMS rules." Resp. p. 1. In fact, and as explained above, the ADR Agreement provides Defendants the right to elect small claims court, not the JAMS rules. Courts routinely recognize that small claims court options in arbitration agreements are a common and enforceable component of the arbitral process. For example, in *Jolly v. Intuit, Inc.*, 485 F. Supp. 3d 1191 (N.D. Cal. 2020), Intuit sought a declaration that an arbitrator's refusal to send the case to small claims court upon its election violated the terms of the parties' arbitration agreement. *Id.* at 1196-97.

-4-

Similar to Baker, Jolly saw this as an opportunity to file a putative class action, claiming Intuit's state court action amounted to a "refusal to arbitrate" and thus a waiver of its rights under the arbitration agreement. *Id.* at 1205-06. The court rejected this argument. Recognizing the validity of small claims election provisions in arbitration agreements, the court found that the state court's "declaration will aid the arbitration, because the state court will provide interpretive guidance regarding how the arbitration should proceed," and "[i]f Intuit ultimately succeeds in having Plaintiffs' claims moved to small claims court, that will simply be another step in the arbitral process." *Id.* at 1207; *see also Lewis v. Advance Am., Cash Advance Centers of Ill., Inc.,* No. 13-CV-942-JPG-SCW, 2014 WL 47125, at *4 (S.D. Ill. Jan. 6, 2014) (finding that a putative class action filed in federal court was barred by an ADR agreement permitting claims to be filed only in arbitration or small claims, on an individual basis); *Jorja Trading, Inc. v. Willis,* 598 S.W.3d 1, 7-8 (Ark. 2020) (rejecting the plaintiff's argument that the defendant waived its rights under an arbitration agreement containing a bilateral small claims provision by first filing its case in small claims court).

Indeed, small claims provisions are not only common in consumer arbitration agreements, they are *required* to meet the "minimum standards" that ensure the fairness of consumer arbitration agreements – the exact standards on which Baker relies to argue Defendants waived their rights under the ADR Agreement.[3] *See, e.g.*, JAMS' Consumer Arbitration Minimum Standards, *available at* https://www.jamsadr.com/consumer-minimum-standards/ ("The arbitration

---

[3] In footnote 7 of the Response, Baker attempts to characterize the JAMS Consumer Arbitration Minimum Standards as allowing only consumers to elect small claims court, not companies. To be clear, Defendants rely on the specific language of the parties' agreement, not merely procedural rules. Furthermore, the JAMS Consumer Arbitration Minimum Standards Baker references actually support Defendants' position because Rule 1 states that *no party* shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction.

agreement must be reciprocally binding on all parties such that . . . no party shall be precluded from seeking remedies in small claims court for disputes or claims within the scope of its jurisdiction."); *Edmundson v. Amazon.com, Inc.*, No. 19 C 5835, 2020 WL 5819870, at *2 (N.D. Ill. Sept. 30, 2020) (finding Amazon's arbitration agreement's "provision permitting plaintiffs to proceed in small claims court when available," among other provisions, "removes any concern about cost-prohibitive arbitration"); *Taylor v. Samsung Elecs. Am., Inc.,* No. 19 C 4526, 2020 WL 1248655, at *5 (N.D. Ill. Mar. 16, 2020) (holding that an arbitration clause with a small claims provision was not unconscionable in part because "the agreement makes it clear that both parties— not just T-Mobile—have the ability to take disputes to small claims court"); *Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.,* 553 F. Supp. 3d 452, 455 (N.D. Ill. 2021) (enforcing an arbitration agreement with a bilateral small claims election provision); *Grabowski v. PlatePass, L.L.C.,* No. 20 C 7003, 2021 WL 1962379, at *1 (N.D. Ill. May 17, 2021) (same); *Williams v. Planet Fitness, Inc.*, No. 20 CV 3335, 2021 WL 1165101, at *2 (N.D. Ill. Mar. 26, 2021) (same); *Crandall v. AT & T Mobility, LLC*, No. CIV. 07-750-GPM, 2008 WL 2796752, at *5 (S.D. Ill. July 18, 2008) (noting that class action waivers do not effectively deny legal recourse where "small claims court remains available under the contract"); *Hancock v. Am. Tel. & Tel. Co.*, 804 F. Supp. 2d 1196, 1208, 1211, 1214 (W.D. Okla. 2011) (finding that an arbitration clause containing a class action waiver was not substantively unconscionable because it permitted the user to pursue an individual action in small claims court), *aff'd*, 701 F.3d 1248 (10th Cir. 2012); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 337 (2011) (enforcing an arbitration clause with a small claims option).

2.  Accepting Baker's waiver argument would nullify Defendants' rights under the ADR Agreement in contravention of the FAA

There is no dispute that Baker *agreed* to the ADR Agreement's provisions that (1) permit him (and Defendants) to bring claims only in arbitration or small claims court, (2) bar bringing claims on a class basis, and (3) require claims that, for whatever reason, are brought outside of arbitration or small claims court to be filed only in Texas.[4] The Supreme Court has made clear that under the FAA, courts must respect and enforce these provisions. *See Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612 (2018) ("Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce *the parties' chosen arbitration procedures*.") (emphasis added). Even though Baker does not contend that the ADR Agreement is invalid or unconscionable, he nevertheless contends that his "waiver" argument permits the Court to ignore these critical provisions of the ADR Agreement and allows a prohibited class action to move forward in a prohibited forum. The Supreme Court rejected a similar argument in *Epic Systems*, holding that, under the FAA, "courts may not allow a contract defense to reshape

---

[4] Dkt. 1-1, Compl. Ex. D (OKCupid TOU) p. 144; *id*., Compl. Ex. E (2021 Tinder TOU) p. 166 (explaining that claims may be brought only in arbitration with the exception that "either party" has the right to bring a claim in small claims court and the "responding party" can request a dispute be filed in small claims court); *id.*, Compl. Ex. D (OKCupid TOU) p. 144 (explaining Baker would also "give up" his "right to participate in a class action or other class proceeding."); *id*., Compl. Ex. D (OKCupid TOU) pp. 144-45 (explaining that "except for claims that may be properly brought in a small claims court of competent jurisdiction," all claims that are not submitted to arbitration "will be litigated exclusively in the federal or state courts of Dallas County, Texas," that both parties consent to personal jurisdiction there and waive any claim that such courts constitute an inconvenient forum."); *id*., Compl. Ex. E (2021 Tinder TOU) p. 166 ("[Y]ou agree that you will not under any circumstances commence, maintain, or participate in any class."); *id*., Compl. Ex. E (2021 Tinder TOU) p. 170 (explaining that "except for claims that may be brought in a small claims court of competent jurisdiction," all claims "will be litigated exclusively in the federal or state courts of Dallas County, Texas," and that both parties consent to personal jurisdiction there and waive any claim that such courts constitute an inconvenient forum).

traditional individualized arbitration by mandating classwide … procedures" to which the parties did not consent. *Epic Sys.*, 138 S. Ct at 1623.

> ### 3. Baker cites no authority supporting his argument that litigants may waive arbitration rights by electing a small claims option

Baker does not cite a single case in which a court found that a party waived arbitration rights by utilizing a small claims exception, or more generally, by asking an arbitral body to enforce the procedures of the parties' arbitration agreement. Many of the cases Baker cites are inapposite because they involve courts finding waiver of arbitration rights where the party seeking to enforce the arbitration agreement previously engaged in substantial litigation outside of the parties' agreed-upon forums. *See e.g., Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388 (7th Cir. 1995) (finding the defendant waived the right to compel arbitration because it participated in litigation for nearly a year, including exchanging thousands of documents in discovery); *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753 (7th Cir. 2002) (affirming denial of motion to compel arbitration where the claimant already participated in Chapter 11 bankruptcy proceedings, indicating an intention to proceed in that litigation); *Brickstructures, Inc. v. Coaster Dynamix*, 952 F.3d 887 (7th Cir. 2020) (affirming denial of motion to compel arbitration where, prior to the filing of the motion, the defendant expressly invoked and then withdrew its argument that the court should dismiss the case because arbitration was the exclusive venue). In *Dickinson v. Heinold Sec., Inc.*, another case cited by Baker, the Seventh Circuit *declined* to find the defendant waived its right to arbitrate despite waiting 18 months after the controversy began—and participating in discovery and settlement efforts—before seeking to enforce the arbitration agreement. 661 F.2d 638, 641-42 (7th Cir. 1981).

Baker's reliance on the California Court of Appeal's decision in *Maddy v. Castle*, 58 Cal. App. 3d 716 (Cal. Ct. App. 1976), is particularly misplaced. Citing *Maddy*, Baker misleadingly

suggests that by entering small claims court, a litigant chooses the judicial forum and waives its right to compel arbitration. But there is no indication that the parties' arbitration agreement in *Maddy* contained a small claims court option. Thus, by filing in small claims court, the respondent in *Maddy* filed a claim outside the agreed upon forums. Further, the California Supreme Court has expressly disavowed *Maddy* on the basis that "waiver occurs when the *merits* of the dispute have been litigated by the parties," not by the mere filing of a lawsuit. *Doers v. Golden Gate Bridge Hwy. and Transp. Dist.*, 23 Cal. 3d 180, 186-87 (Cal. 1979) (emphasis added).[5]

These cases do not apply here, where Defendants have not taken any steps to litigate the merits of Baker's claim outside of the forums specified in the ADR Agreement. Indeed, Defendants have not litigated the merits of the dispute in any tribunal at all.[6]

Baker's reliance on *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005) is equally misplaced. There, an employer refused to arbitrate *or litigate* a claim filed by its employee on the grounds that the employee's claim purportedly was "meritless." *Id.* Unlike the defendant in *Brown*,

---

[5] Plaintiff also relies on inapposite cases in which courts found waiver based on a party's refusal to pay an arbitrator's fees after the arbitration was already underway. *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015); *Rapaport v. Soffer*, No. 2:10-CV-00935-KJD, 2011 WL 1827147 (D. Nev. May 12, 2011); *Norgren, Inc. v. Ningbo Prance Long, Inc.*, No. 14-CV-03070-CBS, 2015 WL 5562183 (D. Colo. Sept. 22, 2015).

[6] Baker argues that Defendants' "totality of conduct" is that they "walk[ed] away from arbitration before JAMS," and, in so doing, waived their arbitration rights forever. But, that reading is not supported by the actual language of the parties' agreement or JAMS' decision. Both Baker and Defendants had the right to bring individual claims in small claims courts of competent jurisdiction, as well as the right to send a claim filed in arbitration to a small claims court of competent jurisdiction. When a party invokes such a right, it acts consistent with the contract and this invocation is one more step in the agreed-upon arbitral process. *See Jolly v. Intuit, Inc.*, 485 F. Supp. 3d 1191 (N.D. Cal. 2020) ("[i]f Intuit ultimately succeeds in having Plaintiffs' claims moved to small claims court, that will simply be another step in the arbitral process."). Further, JAMS not only specifically directed Baker to file in small claims court, but it also left open the possibility that JAMS would resume the arbitration if the small claims court determined that it lacked jurisdiction. Defendants cannot be said to have walked away from arbitration when they are following JAMS' decision, unlike Baker.

-9-

Defendants have not refused to engage with or otherwise litigate against Baker. To the contrary, Defendants have abided by the ADR Agreement at all times, as JAMS recognized when it directed Baker to file in small claims court pursuant to Defendants' election under that agreement.

Finally, Baker relies heavily upon *Intuit Inc. v. 9,933 Individuals*, 2020 WL 7094231 (Cal. Super. Oct. 6, 2020), a case that actually supports Defendants' position. The plaintiffs there initially filed class action lawsuits, which Intuit succeeded in compelling to arbitration. *Id*. at *2. Subsequently, thousands of class members filed individual claims in arbitration. *Id*. Faced with mass arbitration before AAA, Intuit attempted to convince AAA to close the arbitrations in favor of small claims court, but AAA refused. *Id.* at *1, 3. Unlike here, where the agreement is clear that *both* parties have the right to elect small claims court, in *Intuit*, the parties disputed whether their agreement gave that right to both parties, or just the consumers. AAA found that the dispute over how to interpret that agreement "was not a question to be answered by the organization broadly, but by the arbitrator in each individual case." *Id.* at *2. Thus, "Intuit would have to pay [AAA's] fees and file a motion in each separate arbitration proceeding before it could move any claims to small claims court." *Id.* Instead of following AAA's directive—as Defendants followed JAMS' directive here—Intuit filed a court action seeking to enjoin the arbitrations and a declaration recognizing its right to proceed in small claims court. *Id.* The court denied Intuit's motion. *Id.* at *14. In so doing, the court found that Intuit's arbitration contract allowed only the consumer, and not Intuit as the respondent, to file a claim in small claims court. *Id.* at *10. In other words, the court gave full effect to the terms of the contract, which is exactly what Defendants ask the Court to do here.

Unlike *Intuit*, the ADR Agreement here unambiguously gives both Baker and Defendants Match Group LLC and Humor Rainbow, Inc. the right to initially file a claim in small claims court,

or, as the responding party, the right to request that the claim proceed in small claims court. The ADR Agreement goes even further, as it requires JAMS to close the arbitration if the responding party invokes small claims court prior to the parties' selection of an arbitrator. Dkt. 1-1, Compl. Ex. E (2021 Tinder TOU) p. 166; Compl. Ex. D (OKCupid TOU) p. 144; Compl. Ex. Q (updated Tinder TOU) p. 1345. Further, unlike AAA in *Intuit*, JAMS—relying upon the ADR Agreement's language—closed the arbitrations and ordered Baker to file in small claims court. *Id*., Compl. Ex. O pp. 1290-91. Thus, dismissal of Baker's case follows the logic of *Intuit* by giving full effect to the letter of the parties' agreement and respecting the ruling of the arbitral body on this point.

### 4. Defendants did not waive their rights under the ADR Agreement as to the entire putative class

Baker's waiver argument is further eroded by the fact that he brings this case as a putative class action. Defendants have not waived their rights in any context. But even if Defendants somehow waived their rights through specific actions in response to Baker's individual arbitration, that conduct does not extend to any member of the putative class who did not file an arbitration demand.[7] *See Edwards v. Pfannenstiehl*, No. 118CV03170RLYDLP, 2021 WL 9218884, at *5 (S.D. Ind. Oct. 20, 2021) (finding that the question of waiver is to be decided separately in relation to each plaintiff and cannot be imputed to others); *Skillern v. Peloton Interactive, Inc*., No. 21 CIV. 6808 (ER), 2022 WL 3718279, at *2 (S.D.N.Y. Aug. 29, 2022) (finding no support for the plaintiff's assertion that the defendant's default in the payment of arbitration fees for one group of

---

[7] Similarly, since Baker is the only purported named plaintiff in this case, a motion to compel would not be timely as to anyone else, including any claimant represented by Baker's counsel in the preceding JAMS arbitrations, or any non-claimant. Further, Defendants' right to enforce the ADR Agreement against the putative class members Baker seeks to represent would create numerous individualized issues defeating class certification in the first instance. *See, e.g. Bigger v. Facebook, Inc*., 947 F.3d 1043, 1049–50 (7th Cir. 2020) (vacating district court order authorizing notice to putative members of collective action because members who were subject to a valid and enforceable arbitration agreement were not similarly situated to others not similarly bound).

claimants in mass arbitration "also waives its ability to arbitrate completely distinct actions against completely different parties."); *Stevenson v. Tyco Int'l (US) Inc. Supplemental Exec. Ret. Plan*, No. 04-CV-4037 (KMK), 2006 WL 2827635, at *12 (S.D.N.Y. Sept. 29, 2006) ("Waiver of one arbitrable claim through litigation does not result in waiver of other potentially arbitrable claims."); *Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 620 (N.D. Cal. 2019) ("Plaintiff fails to point the Court to any cases in which allegedly inconsistent conduct in a separate case involving a different party can waive the right to arbitrate."); *Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097, 1113 (C.D. Cal. 2002) ("[T]o hold that defendant can no longer assert its right to compel arbitration simply because it did not assert that right in another case is absurd."). Baker cites no authority for the proposition that Defendants' actions in one arbitration, with respect to one claimant (or even a small group of claimants), can waive their arbitration agreements with respect to other, non-claimants. For this additional reason, this Court should reject Baker's waiver argument.

## II. THE COURT HAS BOTH THE POWER AND THE MANDATE UNDER THE FAA AND *FORUM NON CONVENIENS* TO DISMISS THE CASE

Baker erroneously contends that the Court may not dismiss this case because there is no procedural vehicle for doing so. But his argument is refuted by case law, ignores the Court's wide-ranging powers both under the FAA and the doctrine of *forum non conveniens* to dismiss a case that plainly does not belong before it, and defies the valid and binding decision of JAMS—the parties' agreed upon arbitral forum.

In their Motion, Defendants cite several cases in which courts dismissed cases under the FAA and/or the doctrine of *forum non conveniens*. *See* Dkt. 18, pp. 10-12. Baker fails to distinguish or even reference most of these cases. Instead, he argues that Defendants did not cite a case where the defendant sought *only* dismissal under the FAA, as opposed to coupling it with a motion to

compel arbitration. In other words, Baker argues that although the Court may have the power to dismiss the case, it may do so only if it simultaneously compels the case to arbitration, which it cannot do here.

Baker's attempt to create a procedural black hole for this case belies common sense and is unsupported by case law. The FAA puts arbitration agreements "on equal footing with other contracts," instructs courts to "enforce them according to their terms" and applies even when the agreement contains a small claims court option. *Concepcion*, 563 U.S. at 337, 339. Where the dispute falls under an arbitration clause (which here is undisputed), and the clause has not been complied with, "a party may properly invoke the FAA through a motion to dismiss." *Lomax v. Weinstock, Friedman & Friedman, P.A*, No. CIV. CCB-13-1442, 2014 WL 176779, at *1 (D. Md. Jan. 15, 2014), *aff'd sub nom. Lomax v. Weinstock, Friedman & Friedman, P.A*., 583 F. App'x 100 (4th Cir. 2014); *see also Troia v. Tinder, Inc.*, 2020 WL 619855 (E.D. Mo. Feb. 10, 2020), *appeal dismissed*, No. 20-1347, 2020 WL 4812655 (8th Cir. Apr. 1, 2020) (dismissing claims of Tinder user who was subject to an arbitration agreement); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (considering a motion to dismiss based on an arbitration agreement under Rule 12(b)(6) standards where the motion did not seek an order compelling arbitration); *see also* Motion to Dismiss, Dkt. 18, pp. 10-11, *citing Crandall*, 2008 WL 2796752 at *6; *Wallace v. Grubhub Holdings Inc*., No. 18 C 4538, 2019 WL 1399986, at *6 (N.D. Ill. Mar. 28, 2019), *aff'd*, 970 F.3d 798 (7th Cir. 2020); *Johnson v. Orkin*, LLC, 556 F. App'x. 543, 544-45 (7th Cir. 2014); *Baumann v. Finish Line, Inc*., 421 F. App'x. 632, 636 (7th Cir. 2011); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp*., 347 F.3d 665, 668 (7th Cir. 2003).

Indeed, dismissing this case is the *only* option here. JAMS made clear that "if these disputes may proceed in small claims court, then JAMS has no jurisdiction as a threshold matter," and,

therefore, "a small claims court must determine whether it has jurisdiction before JAMS may proceed." Dkt. 1-1, Compl. Ex. O pp. 1290-91. If the Court compels this case to JAMS, JAMS will tell Baker again what it has already stated: he should file his claims in small claims court. And the Court cannot allow the case to proceed here, or remand it to Chancery Court, because the ADR Agreement prohibits filing claims outside of arbitration or small claims court. But this does not mean that Baker is without a forum or remedy. It simply means that whether this case ultimately proceeds in small claims court, before JAMS, or before NAM, is not for this Court to decide. As another federal court recently observed, "[i]f [Defendants] ultimately succeed[] in having [Baker's] claims moved to small claims court, that will simply be another step in the arbitral process." *Jolly*, 485 F. Supp. at 1207.

Baker next argues that Defendants failed to meet their "high burden" for seeking dismissal under *forum non conveniens.* But, none of the cases Baker cites are remotely similar to the situation at hand, where a party seeks to bring a class action in court despite an arbitration agreement prohibiting him from doing so. The Seventh Circuit's decisions in *Rock Hemp Corp. v. Dunn*, and *Meinders v. United Healthcare Servs.*, counsel that "the doctrine of *forum non conveniens* is the correct procedural mechanism to enforce an arbitration clause." *Rock Hemp Corp.*, 51 F.4th 693, 701 (7th Cir. 2022) (internal quotations omitted); *Meinders*, 7 F.4th 555 (7th Cir. 2021) (same). Moreover, in *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, the Supreme Court held that where a valid forum-selection clause exists, the plaintiff's chosen forum merits *no* weight and the parties' private interests are not considered either. 571 U.S. 49, 63 (2013). Finally, the public interest prong will "rarely defeat a motion to dismiss based on a forum-selection clause" and does not justify disregarding a forum-selection clause "except in unusual cases." *Id.* at 64; *see Thakkar v. ProctorU Inc.*, 571 F. Supp. 3d 927, 941–42 (C.D. Ill. 2021) (enforcing forum-selection clause

despite Illinois' public interest in protecting its citizens' biometric privacy rights); *see also Molon Motors & Coil Corp. v. Mishcon de Reya, LLP*, No. 20 C 4475, 2020 WL 5702163, at \*2 (N.D. Ill. Sept. 24, 2020) (refusing to disregard forum-selection clause merely because Illinois courts have an interest in deciding claims for legal malpractice that occur in Illinois). Thus, this Court is well within its authority to dismiss this case pursuant to the FAA as well as the doctrine of *forum non conveniens*. Indeed, there is no other appropriate result.

### III. ONLY THE SMALL CLAIMS COURT CAN DETERMINE ITS JURISDICTION TO HEAR BAKER'S CLAIM

The question Baker raises about the small claims court's jurisdiction is largely a red herring. JAMS did not close Baker's arbitration and direct him to file in small claims court because it determined the small claims court had jurisdiction. On the contrary, JAMS did not reach that issue, despite Baker making the same argument to JAMS that he makes here. Rather, JAMS determined that—according to the parties' agreement—that issue was not for it to decide. Nor is that issue for this Court to decide—it is for the small claims court to decide on a case-by-case basis.

Despite JAMS' directive that Baker must file his individual claim in small claims court to resolve the question of its jurisdiction "as a threshold matter," Baker ignores this directive, and instead contends that he is under no obligation to do so because he has unilaterally determined that the small claims courts of Illinois and Texas lack jurisdiction over his claims. This argument is legally incorrect, as Defendants explained in detail to JAMS, with significant supporting case law. *See* Dkt. 1-1, Compl. Ex. J, pp. 948-50; *id.*, Compl. Ex. L, pp 605-07. Defendants will not repeat those arguments in full here, because the small claims court's jurisdiction is for that court to decide as a matter of comity, *see e.g.*, *J.B. v. Woodard*, No. 20-1212, 2021 WL 1903214 (7th Cir. May 12, 2021), *reh'g denied* (May 27, 2021), and because the parties agreed that such questions cannot

be decided by this Court or the Chancery Court. Baker, on the other hand, repeats the arguments about small claims court jurisdiction that he made to JAMS—and which JAMS rejected. *See* Dkt. -1, Compl. Ex. K, pp. 662-663; *id*. Compl. Ex. M, pp. 1008-1010. His attempt to reassert those arguments is nothing more than another thinly-veiled attempt to forum shop.

Notably, in a last-minute filing made after he filed an enlarged Response and without leave of court, Baker provided the Court a letter claiming that the recent Illinois Supreme Court decision of *Cothron v. White Castle Sys., Inc.,* 2023 IL 128004 (2023) removes this case from small claims court jurisdiction. This undeveloped argument is procedurally improper for this Court to decide. First, both the terms of the ADR Agreement and the directive of JAMS indicate that the jurisdiction of small claims court, a statutory or judicially defined court-system of the state, should be decided by the small claims court itself. *See, e.g.,* Illinois Supreme Court Rules 281-287 (governing small claims court). Second, Baker improperly attempts to have this Court address the jurisdiction of another court system utilizing a faulty complaint, as this case should never have been brought as a class action. Rather, Baker must file a proper individual claim in small claims court before it can address jurisdiction. Only at that point can Defendants properly evaluate such a complaint, *as they have carefully not litigated the merits here* in order to ensure that no waiver of any of their ADR Agreement rights occurs. And, only then, after a full briefing on the pleadings by both parties, can the small claims court rule upon its own jurisdiction.[8] This Court should refrain from deciding this issue, which is fundamentally for the small claims court to decide.

---

[8] Baker ignores the case law provided by Defendants to JAMS, which discussed the jurisdiction of small claims court. The jurisdictional reach of small claims court is far more expansive than Baker acknowledges. *See, e.g., Ras v. Allan Anthony Elec. Corp.,* 55 Ill. App. 2d 176, 182 (1st Dist. 1965) (finding that claims against each defendant were not aggregated for purposes of small claims thresholds), *citing Tomaso v. Sestak*, 321 Ill. App. 363 (1st Dist. 1944) (holding that distinct alleged legal violations were not aggregated for purposes of the municipal court's jurisdictional

## IV. THE ONLY PROPER JUDICIAL FORUM OTHER THAN SMALL CLAIMS COURT IS THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

Finally, to the extent the Court is disinclined to dismiss this case outright, it should transfer the case to the U.S. District Court for the Northern District of Texas. Baker admits the ADR Agreement includes a forum-selection clause that selects Dallas County, Texas as the parties' chosen forum for any claims that may be brought outside of arbitration or small claims court. He argues, incorrectly, that the Court may ignore this provision because *he chose to ignore* the provision, and his "chosen forum is entitled to substantial deference." Resp. p. 17. He is incorrect.

Baker's cited authority consists of cases that did not involve a valid forum-selection provision, which, under the Supreme Court's *Atlantic Marine* decision, tilts the analysis heavily in favor of enforcing the clause as written. *See, e.g.*, Resp. pp.17-18, *citing AL & PO Corp. v. Am. Healthcare Capital, Inc.*, 14 C 1905, 2015 WL 7338694, at *2 (N.D. Ill. Feb. 19, 2015) (analyzing the traditional §1404(a) factors because there was no forum-selection clause); *Mutnick v. Clearview AI, Inc.,* No. 20 C 0512, 2020 WL 4676667, at *4 (N.D. Ill. Aug. 12, 2020) (same); *Gamboa v. Proctor & Gamble Co.*, No. 21 C 6515, 2022 WL 1639559, at *3 (N.D. Ill. May 24, 2022) (finding the forum-selection clause was invalid and proceeding instead under the traditional §1404(a) analysis).

Baker also claims that because Defendants allegedly breached or waived the ADR Agreement, they also waived the Texas forum-selection clause. This too is incorrect. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010). Further, the parties here agreed that "[i]f any provision of these Terms is held invalid, illegal, or otherwise unenforceable,

---

thresholds), attached as Group Exhibit A. At any rate, the small claims court must analyze these cases and others, as it is the court that will be bound by them.

the remainder of the Terms shall continue in full force and effect. The failure of the Company to exercise or enforce any right or provision of these Terms shall not constitute a waiver of such right or provision." Dkt. 1-1, Compl. Ex. D (OkCupid TOU) p. 144; Compl. Ex. E. (2021 Tinder TOU) p. 166 (same). Thus, any alleged breach or waiver of the ADR Agreement has no effect on the Texas forum-selection clause, which remains enforceable.

Finally, Baker argues that his "chosen forum is entitled to substantial deference." Resp. p. 17. To the contrary, as the party "acting in defiance of a valid forum-selection clause," Baker "bears a heavy burden 'of establishing that transfer to the forum for which the parties bargained is unwarranted.'" *Kelley v. MailFinance Inc.*, 436 F. Supp. 3d 1136, 1140 (N.D. Ill. 2020), *quoting Atl. Marine*, 571 U.S. at 64; *see also XADO Tech, LLC v. US Envirotech, Inc.*, No. 13 C 6901, 2014 WL 3882667, at *5 (N.D. Ill. Aug. 5, 2014) (enforcing contractual forum-selection clause and dismissing case on the basis of *forum nonconveniens*). Because a plaintiff in this situation "will rarely defeat a transfer motion," the Supreme Court has held that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63, 64; *see also Thakkar*, 571 F. Supp. 3d at 941–42 (transferring BIPA claims to the Northern District of Alabama despite Illinois having a slightly greater interest than Alabama in protecting the privacy of Illinois citizens because that interest did not render this case an "extraordinary" one in which public interest factors outweigh the enforcement of a valid forum-selection clause).

Baker does not identify any exceptional circumstances that would warrant departing from *Atlantic Marine*. For these reasons, should this Court decline to dismiss this case outright, it should transfer this action to the United States District Court for the Northern District of Texas.

## CONCLUSION

Defendants request that this Court enforce the parties' ADR Agreement and dismiss this action or, in the alternative, transfer it to the United States District Court for the Northern District of Texas, and grant any other relief that it deems appropriate.

Dated: March 7, 2023

Respectfully submitted,

DEFENDANTS

By: */s/ Daniel R. Saeedi*

Stephen A. Broome (admitted *pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90405
Telephone: (213) 443-3000

Daniel S. Saeedi (ARDC No. 6296493)
dsaeedi@taftlaw.com
Rachel L. Schaller (ARDC No. 6306921)
rschaller@taftlaw.com
Elizabeth A. Winkowski (ARDC No. 6316704)
ewinkowski@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000