# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MARCUS BAKER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**MATCH GROUP, INC.**, *et al.*<br><br>*Defendants.* | Case No. 2022-cv-6924<br><br>Hon. Manish S. Shah<br><br>Magistrate Judge Jeffrey Cole |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS'
# MOTION TO RECONSIDER THIS COURT'S MAY 31, 2023 ORDER

**INTRODUCTION**

Defendants[1] ask this Court to abandon a well-reasoned decision because they regret the result of their own litigation decisions. Defendants seek reconsideration of the Court's correctly decided May 31, 2023 Order[2] neither on the basis of newly-discovered facts nor because the controlling law has changed. Instead, Defendants contend that this Court committed a manifest error of law because it failed to account for arguments which Defendants could have made, but knowingly elected not to make, in support of their original motion. Defendants' dissatisfaction with the result of its motion, and its belated presentment of arguments it failed to include in its original motion (which lack merit in any event) are not valid bases for reconsideration. Defendants' motion should be denied.

**BACKGROUND**

**A.    Plaintiff's Complaint, Prior Arbitration, and Removal**

Plaintiff Marcus Baker, together with thousands of other users of Defendants' apps ("Claimants"), seeks to vindicate his statutory rights under Illinois' Biometric Information Privacy Act ("BIPA"). Initially, as was required by the agreement Defendants foisted upon its users, Claimants commenced arbitrations before JAMS. However, when faced with thousands of users prepared to individually arbitrate their cases, Defendants sought to escape their arbitration responsibilities by electing to proceed in small claims court pursuant to a clause in its arbitration provision that provided for small claims court ***if it was a court with appropriate jurisdiction***. JAMS granted Defendants' request, leaving Plaintiff and the other JAMS Claimants with the choice of pursuing their claims before a tribunal they knew did not have jurisdiction, or seeking

---

[1] The "Defendants" are Match Group, Inc., Match Group, LLC ("Tinder"), Hinge, Inc., Humor Rainbow, Inc. ("OkCupid"), People Media, Inc., and Affinity Apps, Inc.
[2] Dkt. No. 27, the "Order."

1

relief from a court which did. Claimants selected the forum actually empowered to grant them relief.

Accordingly, Plaintiff Marcus Baker, individually and on behalf of persons similarly situated, filed his complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division on October 21, 2022. On or about December 9, 2022, Defendants removed the case to this Court. On January 13, 2023, Defendants moved this Court for dismissal or transfer of this action to the Northern District of Texas, based in part on the grounds of *forum non conveniens.* Def. Mot. at 1, 68-12, 13-14. In opposition, Plaintiff argued that small claims court lacked jurisdiction over the claims in the Complaint, a point which Defendants chose not to address in their reply. Plaintiff's Op. at 10-16.

**B.      The Court's May 31, 2023 Order**

On May 31, 2022, in a well-reasoned decision, this Court refused to dismiss Plaintiff's claims and send them to small claims court but granted Defendants' motion to transfer the action to the United States District Court for the Northern District of Texas. May 31, 2023 Order Denying Defendants' Motion to Dismiss ("Order"). This Court correctly determined that small claims court was not an appropriate forum under the *forum non conveniens* inquiry Defendants advocated for because neither Illinois nor Texas small claims courts have jurisdiction over the claims set forth in Plaintiff's complaint. Order at 4-9. Accordingly, small claims court was not an appropriate alternative forum. However, because the relevant agreements designated the federal or state courts of Dallas County, Texas, as the forum for claims that could not be properly brought in a small claims court or heard by an arbitrator, the Court ordered this action transferred to the Northern District of Texas. Order at 7-9.

2

    **C.**    **Defendant's Motion to Reconsider**

Defendants now move this Court for reconsideration of its May 31, 2023 Order, arguing the Court "manifestly erred by (1) deciding the issue of small claims court jurisdiction instead of leaving it for the small claims courts to decide, and (2) ruling that small claims courts lack jurisdiction over Baker's claims." Def. Br. at 1.

Defendants argue that this Court had no jurisdiction to decide the small claims court's jurisdiction to hear the case and that Illinois small claims court does in fact have jurisdiction over Plaintiffs' claims, both arguments they could have made, but did not, in their original motion. Defendants do not explain why they did not advance these arguments in the first place, much less how this Court's failure to consider them rises to the level of manifest error. In any event, these belatedly raised arguments lack merit.

## ARGUMENT

**I.**    **The Court Should Deny the Motion for Reconsideration Because It Did Not Commit Any Manifest Error of Law**

    **A.**    **Legal Standard**

"A motion to reconsider is only appropriate to 'correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court.'" *O'Connor v. Bd. of Educ. of City of Chicago*, No. 14-cv-10263, 2018 WL 11305168, at *1 (N.D. Ill. May 30, 2018) (*quoting Sperling & Slater, P.C. v. Hartford Cas. Ins. Co.*, No. 12 C 761, 2012 WL 6720611, at *2 (N.D. Ill. Dec. 27, 2012)). Such motions should be granted only in rare circumstances, and a party moving for reconsideration bears a heavy burden. *Id.* Such a motion "is not a vehicle for rearguing previously rejected motions[.]" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir 2000).

3

Defendant does not contend that any newly discovered evidence should be considered, or that there has been any intervening change in law. Accordingly, the only issue to be decided is whether this Court committed a manifest error of law or fact. As set forth below, it did not.

**B.    This Court Was Empowered To Review The Jurisdiction, Availability, And Adequacy Of State And Small Claims Courts To Determine Defendants' Motion.**

Defendants contend the Court committed a manifest error of law, in violation of the Constitution's case or controversy requirement, in deciding that small claims court did not have jurisdiction over Baker's claims, erroneously asserting that this routine inquiry into another Court's jurisdiction and capacity is barred by Article III's case or controversy requirement. Defendants' unpreserved, circular argument is contrary to law.

Defendants' argument, first raised in their motion to reconsider, is that this Court's determination of the jurisdictional reach of state small claims courts was an impermissible advisory opinion, because, they claim, such a determination cannot be made until a complaint, which might differ from Plaintiffs' Complaint here, is actually filed. Def. Br. at 2-3. There are several fatal flaws in this tortured logic.

Primarily, Defendants waived their argument about the jurisdictional reach of small claims courts by not raising it in their original motion or reply brief. While some of their contentions were considered and rejected by this Court, they offer no explanation for their failure to advance this argument about jurisdictional reach in support of their original motion. "[A] motion for reconsideration is an inappropriate medium to … revisit improvident strategic decisions made earlier." *Alice F. v. Health Care Serv. Corp.*, No. 17-C-3710, 2019 U.S. Dist. LEXIS 236260 at *3 (N.D. Ill. June 17, 2019) (citing *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 912 (N.D. Ill. 2015) and *Birdo v. Gomez* 214 F.Supp 3d 709 (N.D. Ill. 2016)). Defendants' failure to previously raise this argument, without any excuse, constitutes waiver, and is not a valid basis for a motion

4

for reconsideration. *See, e.g., Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990) (reconsideration inappropriate where movant is "merely an irresolute litigant that was uncertain what legal theory it should pursue"). Hence, the Court should deny Defendants' motion on waiver alone.

However, to the extent the Court deems it appropriate to hear the argument, it is without merit for two reasons. First, Defendants fundamentally misstate the issue. This Court was not asked to construe and did not "under[take] to construe a hypothetical small claims complaint that may never come to pass," as Defendants would have it. (Def. Br. at 3). Rather, it was presented with a motion to dismiss on *forum non conveniens* grounds and applied that judicial doctrine to the *specific*, detailed set of *non-hypothetical* allegations in the form of Plaintiff's *actual* complaint. The Court correctly determined that it could not dismiss the action for *forum non conveniens* and send the case to small claims court because the existing allegations presented claims that went far beyond the jurisdiction of either Illinois or Texas small claims court. Order at 4-6. Defendants' speculation that a hypothetical small claims complaint might "look very different from the one Baker filed in this Court" is utterly irrelevant – that a *different* pleading might fall within the jurisdiction of a small claims court does not change the fact that the allegations in the complaint *actually before this Court* would not.

Second, Defendants' reliance on *Basic v. Fitzroy Eng'g, Ltd.*, 949 F. Supp 1333 (N.D. Ill. 1996) is entirely misplaced. There, the court was asked to preemptively declare a judgment of a foreign court null and void, where the foreign action had not even proceeded to the point of a responsive pleading. *Id.* at 1337-38. In declining to do so, the court pointed out the multiple contingencies inherent in the request – the foreign action would have to survive dismissal and proceed to judgment, and that judgment would have to be accepted and domesticated by a United

5

States court, before any actual harm would be suffered. *Id.* at 1338. No such string of contingencies exists here – the Court was faced only with the concrete question of whether small claims courts in Illinois or Texas had jurisdiction to hear Plaintiff's extant, articulated claims. As the Court correctly found, they do not.

Indeed, the jurisdictional analysis performed by the Court in its Order was not only permitted, but routine in a *forum non conveniens* analysis. As the Court noted, "comity principles don't bar an inquiry into another court's availability and adequacy under *forum non conveniens*." (Order at 6 n.5 (*citing Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007))).)

Moreover, such an inquiry is not only permitted, it is *required.* Dismissal on the grounds of *forum non conveniens* is warranted *only* "when an alternative forum has jurisdiction to hear the case." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *see also Iac/Interactivecorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022) ("When applying *forum non conveniens*," even where a forum selection clause exists, "district courts *must* . . . determine[e] . . . whether there is an available adequate alternative forum.") (emphasis added). Defendants' circular assertion that making this required determination runs afoul of Article III would undermine the entire doctrine.

*Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. Of Texas*, 571 U.S. 49 (2013) – which was decided a decade ago – is not a basis for reconsideration and, in any event, does not require a different result. Even post-*Atlantic Marine*, a forum selection clause that designates "courts [that] do not have jurisdiction over the Plaintiffs' claims," are not contractually valid and cannot be enforced. *Jackson v. Payday Fin., LLC,* 764 F.3d 765, 782 (7th Cir. 2014). Further, where parties seeking dismissal in favor of such a forum "have not established a colorable

6

claim" that jurisdiction exists, the issue of jurisdiction need not be submitted to the proffered forum in the first instance. *Id.* at 768, 783.

Accordingly, this Court has already done everything *Atlantic Marine* requires. It first evaluated whether the clause in question was "contractually valid" in this circumstance, 571 U.S. at 62, an analysis which necessarily required it to determine whether the small claims courts urged by Defendants "have subject matter jurisdiction over the Plaintiffs' claims." *Jackson*, 764 F.3d at 786. Because they did not, the Court moved to the alternate forum specified in the parties' contracts, "the federal or state courts of Dallas County, Texas," and *expressly subjected them to the analysis mandated by Atlantic Marine.* (Order at 7-8 (citing *Atlantic Marine*, 571 U.S. at 63). Once again, Defendants attempt to portray their own dissatisfaction with the *result* of this analysis as this Court's failure to do something it clearly (and correctly) already did.

C. **This Court Correctly Evaluated the Parties' Agreement to Delegate in Determining That Small Claims Court is an Improper Forum for Plaintiff's Claims**

Defendants incorrectly argue that this Court "did not consider that Baker's ADR Agreement . . . delegates the question of small claims court jurisdiction to small claims courts themselves." Def. Br. At 3 *et seq.* To the contrary, Defendants made the same argument in support of their motion, (Def. Reply Br. at 15-16) which was correctly rejected.

As this Court noted in rejecting Defendants' "argue[ment] that the small claims courts should decide their own jurisdiction," and as discussed in detail above, comity principles permit, and indeed require, this Court to determine whether a proposed alternate forum has jurisdiction. In addition to the general principles of *forum. non conveniens,* this Court further correctly held that "[a]n arbitration agreement cannot require a party to forgo substantive statutory rights." (Order at 7 *(citing Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1133 (7th Cir. 2017)). Accordingly, this Court considered and rejected Defendants' argument concerning the delegation

7

clause. Having so determined, this Court correctly recognized that the relevant agreement provides an alternative forum which would have jurisdiction, the District Court in Texas, and properly enforced the parties' agreement by sending this action there. (Order at 7-8.) Defendants have offered nothing new to alter the Court's determination.

### D. The Court Did Not Manifestly Err in its Treatment of JAMS' Administrative Closure of Plaintiffs' Arbitrations

In arguing that this Court erred by "not enforcing the JAMS Order," Defendants mischaracterize the prior proceedings before JAMS, the scope and import of JAMS' determination, and the nature of this Court's Order.

At issue before JAMS was the effect of Defendants' purported "election to litigate these claims in small claims court." In determining that Defendants' election required JAMS to administratively close Defendants' file, JAMS explicitly stated that it had not and would not independently evaluate whether small claims court actually had jurisdiction over Plaintiff's (and the other Claimants') claims. Rather, it noted that the parties' agreement included "a contractual 'exception' to a JAMS arbitration. If these. disputes may proceed in small claims court, then JAMS has no jurisdiction as a threshold matter, and [the JAMS rule] which affords the arbitrator the authority to hear and decide jurisdictional . . . disputes does not apply." Compl. Exh. J (final page).

Thus, JAMS did *not* find that small claims court had jurisdiction, or even that the parties' contract required submission of the issue to small claims court in the first instance. The JAMS decision was limited to whether JAMS had any jurisdiction to evaluate small claims jurisdiction following Defendants' election of small claims court. JAMS determined that it had no jurisdiction to decide "*if* these disputes *may* proceed in small claims court," and accordingly closed the arbitrations. (*Id.* (emphasis added).) Obviously, JAMS's determination did not, and could not, go

8

further – it determined that the parties' agreement required administrative closure upon invocation of the small claims option, and that upon such invocation JAMS *could not decide* one way or the other any issues regarding proper forum or jurisdiction. *Id.*

Defendants now argue – by reference to authority and reasoning they could have raised in their original motion but did not – that JAMS's administrative decision closing Claimants' arbitrations constituted a "binding step in the arbitral process" that this Court was required to enforce. Def. Br. At 6-7. Again, however, a motion for reconsideration is not the appropriate vehicle for Defendants to correct their own failure to develop an argument not raised on the original motion. *See Bank of Waunakee*, 906 F.2d at 1192. This argument need not be considered at all.

Should the Court nevertheless entertain Defendants' argument, it clearly fails on its own merits. Plaintiff has not asked the Court to do anything contrary to the JAMS order. Plaintiff has simply sought to have the merits of his claims, at long last, heard before a forum possessing subject matter jurisdiction over them. More fundamentally, given JAMS's finding that following Defendants' small claims election JAMS "has no jurisdiction," there is no mandate contained in the supposed JAMS "Order" for this Court to enforce. Ecf No. 1-1, Compl., Exh. J.

Further, Defendants' continued insistence on a forum that lacks jurisdiction once again ignores the fallback provision in the forum selection clause they themselves drafted:

> Except where prohibited by law and except for claims that are heard in a small claims court as set forth in Section 15, any claims arising out of or relating to this Agreement, to the Service, or to your relationship with Tinder that for whatever reason are not required to be arbitrated or filed in small claims court, will be litigated exclusively in the federal or state courts located in Dallas County, Texas, U.S.A. You and Tinder consent to the exercise of personal jurisdiction of courts in the State of Texas and waive any claim that such courts constitute an inconvenient forum.

Ecf No. 1-1, Compl., Ex. E (Tinder Terms).

By this line of argument, Defendants ignore this language, and the lack of jurisdiction of the small claims courts, for no reason other than the fact that JAMS declined to evaluate the issue at all. Defendants should not be allowed to waste the time of the parties and the courts by forcing Plaintiff to pursue claims before a tribunal not empowered to hear them. *Jackson*, 764 F.3d at 786.

### III. The Court Correctly Determined That Illinois Small Claims Court Could Not Hear Baker's Claims

Defendants next claim that this Court "incorrectly" determined that they "made no argument as to why this case should be in small claims court" in support of their original motion.[3] (Def. Br. at 9.) They then *immediately* admit that their purported arguments on this issue were "incorporated [through] their letters to JAMS," that they "did not repeat . . . the legal arguments and case law" in their briefing, and that their decision not to express these arguments in their briefing was strategic, borne from their incorrect position that "this Court lacks authority to determine the small claims courts'" jurisdiction, and because of their decision to instead focus on what they saw as a "*threshold issue*." (Def. Br. at 9, 9 n.6 (emphasis in original).)

But "[m]erely referencing arguments presented elsewhere is not sufficient to put those arguments before the court, *United States v. Macchione*, 660 F. Supp. 2d 918, 926 (N.D. Ill. 2009), and "a motion for reconsideration is an inappropriate medium to … revisit improvident strategic decisions made earlier." *Alice F.*, 2019 U.S. Dist. LEXIS 236260 at *3 (N.D. Ill. June 17, 2019). Thus, Defendants' belated attempt to mount a substantive challenge in a "do over" now should be rejected out of hand. A "district court [i]s not obliged to rescue [parties] from the consequences of their dilatory conduct." *DeBruyne v. Equitable Life Assurance Soc.*, 920 F.2d 457, 471 (7th

---

[3] Defendants have apparently abandoned their prior position that Texas small claims court could hear Plaintiffs' claims, advocating on reconsideration only for the jurisdiction of Illinois small claims court.

10

Cir. 1990) (superseded in part by statute on other grounds as recognized by *Jajeh v. County of Cook*, 678 F.3d 560, 567 (7th Cir. 2012).

Ultimately, however, even if this Court does consider Defendants' unpreserved, inappropriate arguments, the result is the same. As set forth below, these arguments also fail on the merits, for the reasons articulated by this Court in its Order.

> **A. Small claims courts do not have jurisdiction to grant Plaintiff the relief he is entitled to under Illinois' Biometric Information Privacy Act ("BIPA")**
>
> **1. The amount in controversy exceeds jurisdictional limit**

As explained in Plaintiffs' opposition to Defendants' original motion, and as recognized by the Court, "Baker is seeking at least $20,000 in damages and injunctive relief." Order at 6 (collecting record references). Per Ill. Sup. Ct. R. 281 small claims are "civil action[s] based on either tort of contract for money not in excess of $10,000, exclusive of interest and costs." Baker's claims are well above the jurisdictional threshold.

Moreover, recently the Illinois Supreme Court ruled in *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, 2023 WL 2052410 (Ill., 2023) that a separate claim accrues under BIPA "each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) and 15(d)." See *Id.* at *1 (emphasis added). In Cothron, the plaintiff alleged that her employer, White Castle Systems, Inc. ("White Castle") violated Section 15(b), among other BIPA sections, by failing to obtain her written consent before collecting her biometric data. *Id.* Noting that White Castle first obtained her biometric data in 2008 and did not seek or obtain her consent until 2018, the plaintiff alleged that a new BIPA claim accrued each time she scanned her fingerprints and White Castle sent them to its third-party vendor without consent. The Supreme Court agreed with the plaintiff and held that the plain language of the statute establishes that BIPA is not limited to the "first time an entity scans a fingerprint or otherwise collects

11

biometric information," and instead, applies to "each and every capture and use of the plaintiff's fingerprint or hand scan." *Id.* at *4-5. Therefore, BIPA allows for multiple and repeated accrual of claims entitling Plaintiff to recover $1,000 to $5,000 for each BIPA violation. Since Plaintiff uploaded multiple pictures to the sites, (*see* Compl. ¶204), he is entitled to exceedingly more than two (2) intentional violations per defendant.

Defendants' counterargument on this point requires several unsupported leaps of logic. To agree with Defendants, this Court must accept that:

(i) BIPA's $5,000 per-occurrence statutory remedy for intentional or reckless violations constitutes a remedy in the nature of punitive or exemplary damages, contrary to the plain language of the statute which speaks of "liquidated damages" (740 ILCS 14/20(2));

(ii) BIPA's simple requirement of an "intentional or reckless" violation, interpreted by this Court as merely requiring "a desire to cause consequences or . . . a substantially certain belief that the consequences will result," (*Rogers v. CSX Intermodal Terminals,* 2019 WL 4201570 at *4 (N.D. Ill. Sept. 5, 2019), instead requires pleading and proving "willful and wanton" conduct undertaken with "actual malice." (Def. Br. at 12-13);

(iii) The unpublished 1944 decision in *Tomaso v. Sestak*[4] requires a small claims court to assess its jurisdictional limits on a claim-by-claim basis rather than the proper test, confirmed by subsequent authority – i.e., that "separate claims will be considered the same cause of action if they arise from a single group of operative facts." *Benson v. Abbot*, 326 Ill. App.

---

[4] Defendants correctly cited this decision in their original reply, but erroneously append "53 N.E.2d 754, 755" (a citation to the middle of *Albright v. Jefferson County Nat'l Bank,* a 1944 New York Court of Appeals Decision) in their motion for reconsideration. They also append "(3d Dist. 2001)" to the citation, which is incorrect for both *Tomaso* and *Albright.* The correct citation for *Tomaso* is 321 Ill. App. 363 (1st Dist. 1944), which Defendants attached at pages 9-13 of Dkt. No. 26-1.

        3d 599, 600-01 (3d Dist. 2001) (noting that "the weight of authority does not favor" the reading of *Tomaso* that Defendants advance here); and

(iv)    Plaintiffs' individual claims do not exceed $10,000, despite the pleadings themselves clearly requesting relief in excess of that amount. Ecf No. 1-1, Compl.

Defendants' position that the jurisdictional limit has not been exceeded can be accepted only if liquidated damages are transformed into punitive damages, intentional acts are transformed into malicious ones, and recent precedent is ignored in favor of unpublished opinions dating back nearly eighty years. The Court should once again reject these arguments.

### 2. Small Claims Court Cannot Grant the Injunctive Relief Plaintiff Requests Here

As this Court properly recognized, "neither the small claims courts in Texas nor in Illinois can issue . . . injunctive relief ***of the kind Baker seeks.***" Order at 5 (emphasis added). While Defendants note that Illinois small claims courts may be empowered to provide some limited forms of injunctive relief, Defendants do not and cannot demonstrate that small claims courts can provide large-scale injunctive relief of the kind requested by Plaintiff here. Plaintiff seeks a broad, prospective injunction "including, *inter alia*, an order requiring Defendants to collect, store, use, and share biometric identifiers or biometric information in compliance with BIPA, and permanently destroy the biometric identifiers and biometric information that Defendants have collected from Plaintiff and the Class." (Dkt. No. 1-1 at 111.) Defendants' authority purportedly demonstrates that small claims courts may in limited circumstances grant various types of unrelated "injunctive and equitable remedies ancillary to damages claims," (Def. Br. at 10,) but they provide no example of a small claims court providing forward-looking class-wide injunctive relief or granting the type of statutory injunctive remedy explicitly authorized by BIPA. This is

13

because, as set forth in Plaintiffs' original opposition to Defendants' motion to dismiss and as correctly found by this Court, Illinois small claims court has no authority to grant such relief.

The authorities cited by Defendants are not to the contrary. The unpublished opinion in *Lester Eugene Kenady Revocable Living Tr. v. Baker*, 2014 IL App (4th) 131059-U, concerned a request for declaratory relief as between two adjoining landowners permitting reasonable access to make repairs to an easement. *Van Walsen v. Blumenstock*, 66 Ill. App. 3d 245 (5th Dist. 1978), involved an order lifting a lien upon satisfaction of a money judgment, a remedy entirely ancillary to the underlying monetary relief sought. *Baron v. Hoholik*, 2013 IL App (3d) 120096-U, another unpublished opinion, comments without analysis that the plaintiff sought replevin of a wedding ring in small claims court. *Muir v. Merano,* 378 Ill. App. 3d 1103 (5th Dist. 2008), was an action for return of earnest money which found that a prospective buyer was entitled to terminate a contract but resulted solely in a money judgment. *Ahern v. Knecht*, 202 Ill. App. 3d 709 (2d Dist. 1990), involved a small claims action where the small claims court determined that the prices charged in a one-sided contract were unconscionable, but the result was again a simple money judgment. Clearly, a small claims court empowered to hear claims for money based in contract must be able to evaluate the enforceability of a contract to decide such claims. Critically, not one of these cases involved a situation where any party contended that small claims jurisdiction was lacking, or where any court, even in dicta, made a determination regarding such jurisdiction. None of Defendants' authority supports reconsideration here.

Nor is Defendants' attempt to reconcile *Hill v. Abou-Jabal,* 2019 IL App (5th) 180213-U, with *Dew-Becker v. Andrew Wu*, 2017 IL App (1st) 161383-U, convincing. Critically, the remedy sought and addressed by the court in *Hill* was entirely monetary – "the plaintiff, a consumer, was seeking recovery for ***economic damages*** that he suffered." *Hill*, 2019 IL App (5th) 180213-U, ¶

20. Similarly, in *Italia Foods, Inc. v. Sun Tours, Inc.*, 2011 IL 110350, which Defendants claim "bolsters" *Hill*, the Illinois Supreme court discussed small claims court only with respect to a statutory action "to recover damages," and then only in dicta. *Id.* at ¶¶26-27. Accordingly, neither *Hill* nor *Italia Foods* stands for the proposition that small claims court is an adequate forum for an aggrieved consumer seeking broad, forward-looking statutory injunctive relief.

## CONCLUSION

This Court correctly rejected Defendants' arguments in its original Order, and Defendant offers nothing new now. Defendants' motion for reconsideration should be denied in its entirety.

Dated: July 6, 2023

Respectfully submitted,
/s/ Jonathan Gardner
Jonathan Gardner (admitted pro hac vice)
Melissa H. Nafash (admitted pro hac vice)
Shannon K. Tully (admitted pro hac vice)
**LABATON SUCHAROW LLP**
140 Broadway, 34th Fl.
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
mnafash@labaton.com
stully@labaton.com

Christian Levis (pro hac to be submitted)
Margaret MacLean (pro hac vice to be submitted)
Amanda Fiorilla (pro hac vice to be submitted)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
mmaclean@lowey.com
afiorilla@lowey.com

Michael D. Smith (6210109)
**LAW OFFICE OF MICHAEL D. SMITH, P.C.**
231 South LaSalle Street, Suite 2100
Chicago, IL 60604
Tel: (312) 546-6138
msmith@smithlawchicago.com